# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2018 DEC 27 PM 3: 53

DEPUTY CLERK_____

Nina M. Coleman
_____
Plaintiff

v.

FEMA
_____
Defendant

**3 - 18 CV 3 4 0 8 - M**

Civil Action No.

## COMPLAINT

On February 13, 2017 I was falsely terminated, the charges were made up and until this day, I still do not know what FEMA travel policy I did not follow to be terminated from FEMA and why my personnel file at FEMA states I was a negative employee and terminated on Aug. 22, 2017 for not following FEMAs travel policy. The charges were (1) I ignored supervisor's instructions by not completing travel on Dec 23rd, 2016 by driving on Dec. 24th, 2016 (2) I did not follow FEMA's travel policy: I did not have approval to drive a government vehicle home, did not do a cost comparison analysis and did not attach a cost comparison to voucher. **Note: Disaster Survivor Assistance Cadre Manager Racquel "Roxxie" Mahone never asked me what I did or did not do before charging me but on April 5th, former Employee Labor Relations Specialist Margaretta Veltri** sent me the emails that Mahone sent to her; they show I had approval to drive home and that I completed a cost comparison after I updated my timesheet. **On Jan 27, 2017** I sent Roxxi Mahone, Faye Green, Shannon Benson an email asking why I was blocked from deploying and reported to Employee Labor Relations, Mahone had said earlier on Jan 27th, I was non-compliant when checking out of disaster 4291 VA and she was waiting to hear from ELR. I did not know how I was non-compliant or what I had done until the termination letter. Feb. 10th, Mary Dawson told me she did not report me non-compliant but on Feb 9, 2017 Mahone said Dawon sent the information. On email dated Jan. 27th, I stated what I knew what happened when checking out on Dec 22, 2016 from DR-4291-VA and informed them I had completed a cost comparison and sent it to Mary Dawson Branch Director on disaster. Neither manager responded to this email. I stated I stopped driving on Dec. 23rd, 2016 per FEMAs safety policy when I was fatigued and the safety orientation also states to not drive during hours when normally asleep. I also encountered inclement weather and car accidents and I had doctor's note to stop every (2) hours and perform range of motion and stretches to prevent muscle spasms, I sent this to Mahone in Oct of 2016. The termination was added to my original **EEO case filed Sept. 26, 2016** against Karen Mann, Branch Director on DR-4277-LA, she did not extend my release date like all other staff because I did not attend a reports writing meeting class; it had different names but never said mandatory until she sent me an email that she would not extend my release date because I did not attend. She knew I did not attend because I was not feeling well and worked an hour and 15 minutes away from the class. Lavar James from Disaster Survivor Assistance Headquarter's asked me how many sick or personal days I would take, as a reservist we don't have personal days so I went to the doctor to find out what was causing the pain and the doctor put me on bedrest, so then I took sick days. This upset Karen Mann and she badgered me while ill, had the Chief of Staff send a security officer to bully me and James Weddell scared the hotel employee as well. She later had human resource illegally check me out the disaster but I kept receiving email notices that my checkout was pending until I demobilized. We don't demobilize until we reach our destination after checking out a disaster. I then contacted Kathy Davis an HR Specialist and said FEMA was responsible for me until I arrived home. After hearing this, my out of pocket expense for my hotel room I added to my voucher I believe dated Oct 4, 2016 and FEMA paid it. My rental was a 30-day rental and had to be returned to Dallas, TX. I asked Mann since Sept 21, 2016 if I could finish medicine that said at home use only or wait for a family member to pick me up. **On Sept 23, 2016,** Mann said I could wait for a family member but I was on my own but this wasn't true as stated by Kathy Davis. Mann reported me and Mahone wrote a false reprimand, she said I was counseled by Mann but I wasn't. I appealed reprimand but Faye Green did not tell me until Jan 18, 2017 that she denied it. She also admitted charging me without following FEMA's travel policy was an error because Dawson did not give them the cost comparison. **Note: not appealing in time is not a misconduct & why appeal their error. On Aug 31, 2017,** FEMA attorney emailed they did not reverse all charges because of other issues with supervisor's, one being Sept 26, 2016. This would be the supervisor I filed an EEO Complaint against and the only other supervisor I am aware of would be Rita Ramso who I filed an EEO case against in 2013. The Agency charges should be reversed & I rehired and paid back wages & emotional distress.

\* Attach additional pages as needed.

| | |
|---|---|
| Date | 12-13-18 |
| Signature | *[signature]* |
| Print Name | Nina M. Coleman |
| Address | 2505 Wedglea Dr. Apt. 127 |
| City, State, Zip | Dallas, TX. 75211 |
| Telephone | 214-563-5395 |

# Brief Description of Actions taken against by the Agency and the Harm is caused

**1. Describe the action taken against you that you believe was discriminatory.**

2016 Retaliation: not extending deployment release date like other staff (because of 2013 case and because I was not well to drive to a reports class) and transferred staff to other branches (Karen Mann) and federal disasters, blocked me from deploying twice (Racquel Mahone and Faye Green), placed untrue charges on reprimand (Pat Silva and Racquel Mahone) and termination (Margareta Veltri and Racquel Mahone.)

2017 Retaliation and race: white female accused and reported to EEO for making racial comments and counseled by disaster EEO advisor, Team Lead and Group Supervisor but was told by Mahone she wasn't counseled, therefore, Mahone gave her a verbal warning and Cindy Shepard was made to complete a diversity course. Since Cindy Shepard was counseled such as the protocol Mahone took against me, Shepard should have been reprimanded. However, I was not counseled and had witnessed. Tony Nguyen lied to Karen Mann that I was counseled as well.

2017 and 2018 Personnel Security Gina Helms found me not suitable for disaster housing positions because of the Agency's reprisal from 2013 and 2016 cases and with false charges on the reprimand and termination.

Current 2018 action: Administrator a white male did not follow FEMA's travel policy, the instructions of Executive Officers and misused government travel funds of $151,000 the last I read but he was not terminated for not following FEMAs travel policy or the instructions of OCC and the Senior Leadership (Amparo) and I had permission to drive a government rental home, followed FEMA's travel policy and did not misuse any funds but was cheated out of the reimbursement of my hotel expense from DR-4291-VA and was terminated. Mary Dawson has admitted she assumed travel was on day which she knew better and the agency's attorney has admitted the agency is aware I could not have left made it in home in 24 hours.

## Description of actions by dates:

Sept 12, 2016 Karen Mann sent an email she would not extend my release date because I did not attend a reports class but, in her witness, statement said she was not aware I wanted to transfer but told equal rights advisor Toya Andrews she did not transfer me to another Branch because she couldn't locate me, that I contacted OER and that she just wanted me gone. On her witness statement she also mentions my 2013 case, as well as Chief of Staff Peter Raiswell, therefore the Agency has held my filing against Rita Ramos against me since 2013 and did not inform me nor counsel me about the issue.

Sept 22, 2016, Karen Mann had HR illegally check me out the disaster DR4277LA.

Sept 23rd, Karen Mann said I could remain at the disaster but I was on my own but after speaking with HR Specialist and Lead Kathy Davis I was told FEMA was responsible for me until I arrived to my destination and demobilized myself. However, Racquel Mahone reprimanded me for not leaving Sept 22, 2016.

Sept 26, 2016, I filed formally when Karen Mann and myself could not come to a resolution and she would not transfer me like other staff when I was no longer on bedrest and had a few days to complete prescribed medicine.

Oct 4, 2016, I was blocked from deploying by Sampson Daruvalla former DSA Ops Chief and Racquel Mahone former Disaster Survivor Assistance Program Manager who stated I was blocked because Karen Mann reported the incidents mentioned above to Sampson Daruvalla that I was non-compliant when I checked out DR-4277-LA.

# Brief Description of Actions taken against by the Agency and the Harm is caused

However, I was not, I asked for permission to complete medicine or have a family member pick me up and while waiting on Karen Mann's decision myself and the Country Inn and Suites hotel staff were attacked and bullied by FEMA's security officer Jim Weddell.

Oct 13, 2016, I found out I was blocked from deploying and written up to Employee Relations because Julius Gibbons IMAT East BD had requested me to be resource manager for the GA disaster and Mahone and Shannon Benson had to tell him why they would not deploy me. At first Mahone stated I was not deploying because I filed worker's compensation but I contacted her about it this after I contacted the worker's compensation specialist and he informed I could return to work and then Mahone changed her story. She stated she was going to contact me but became busy. She allowed me to send a letter to ELR Pat Silva and my witnesses John Dwyer Group Supervisor who approved my last voucher on DR-4277-LA and Esther Herrera the Taskforce Lead sent witness statements that they did not counsel me.

Oct 25th, 2016, I received a reprimand for the alleged incident on DR-4277-LA, Mahone wrote on the reprimand that I was to check out Sept 22, 2016 but Mann had stated on Sept 23, 2016 that I could remain on my own expenses. She also said I was counseled by email on Aug 31, 2016 but I was not and the email did not mention I was being counseled and if I were, what was my timeframe to correct my actions and where is the written and signed counseling document. Also, on a CORE conference call Pat Silva (which I have the recording) stated you do not counsel by email. The reprimand charges and background information were lies, except me asking the DSA-Disaster Survivor Assistance Cadre for help with Phyllis Urmani who was harassing and bully myself and Esther Herrera. I found out later, Esther Herrera wanted a reports writer so Urnami would stop harassing her, so after the fact I see I was put in the middle of their issues, instead of Herrera reporting Urmani. However, the DHS CRCL remand supplement did address Herrera sending an email to the deputy on DR-4277-LA, Tony Nguyen that Urmani harassed her and wanted to know what action the Agency, Mann and Mahone took against Urmani. During the disaster Mann told the equal rights advisor that they had to work with Urmani that she was not experienced in the JFO reports writing position, however, she was not released from the disaster nor reprimanded. I have documents that show she remained at the disaster until DSA left the disaster.

November 1, 2016, I appealed the reprimand to Faye Greene, who did not give me her decision until January 18, 2017 and only after I asked what happened to my appeal. This shows lack of leadership.

**The reprimand was added to my Sept 26, 2016 EEO case started on DR-4277-LA but I am not sure of the time but I contacted the Director but I know it was when I received the reprimand and I wrote on the reprimand that I would exercise my right and report the reprimand to OER.

Jan 12, 2017, I was offered the Public Assistance Administrative position and excepted it.

Jan 17, 2017 Faye Greene finally told me she denied my appeal for the reprimand, without real concrete reasons; simple reprisal.

Jan 17, 2017 Racquel Mahone sent Patricia Silva emails she received from Mary Dawson and in the email, she mentioned my transfer to Public Assistance. **It should not take almost a month or until you hear about my transfer to report the alleged incident on DR-4291-VA to Employee Labor Relations and still not speak with me about the incident upon first hearing about it. When I asked about the denial of my reprimand appeal Faye Green, Shannon Benson or Mahone could have told me about the alleged incident of not being compliant when checking out of DR-4291-VA on Dec 22, 2016 but did not; hiding their evildoings.**

# Brief Description of Actions taken against by the Agency and the Harm is caused

Jan 18, 2017, Tentative offer for Public Assistance Administrative position was withdrawn. I asked why and was told to contact Lacee Kent and she said because of the reprimand, I told her I had a case and she said if it's corrected it has to be out my file for 90 days before I could apply with PA again; however, after my mediation on Aug 31, 2017, Morgan Kinney told me there was not such a policy.

Jan 23, 2017, I received a Deployment Tracking notice to prepare for a disaster, I believe it was the AR tornado.

Jan 26, 2017, when staff were telling me they were deployed and I was not I contacted ADD and Josh told me my file showed not active to contact the cadre.

Jan 26, 2017, I contacted Mahone, why I was showing not active.

Jan 27, 2017 Mahone, former DSA Reservist Program Manager replied I was blocked from deploying because I was non-compliant when I checked out of Disaster-4291-VA. **Note: I checked out Dec 22, 2016 and traveled Dec 23rd, 2016. Why did it take Mahone over a month to report this incident nor did she speak with me about it before charging me? Mahone did not contact Patricia Silva in Employee Labor Relations until Jan 17, 2017 after she heard about my transfer to PA and she provided her friend Lacee Kent a negative referral about me.**

Jan 27, 2017, I emailed Mahone, Shannon Benson, Faye Green and other managers asking how I was non-compliant when I checked out of DR-4291-VA and explained what I knew that happened as well I thought the issue was resolved on the disaster level (the lowest level), I never knew Dawson felt I was non-compliant or that felt I falsified my timesheet (I found this out through the ROI), we all know if you turn in a timesheet before work or travel has commenced or is upcoming that it is an estimate. **Note: normally when we arrive home from a disaster, we adjust our time, whether it is more or less hours and in the remarks field I wrote estimate for Dec 23 and Dec 24. Delays happen at airports also, Mary Dawson's statement when to complete travel is not a policy and per the travel until they only pay what is approved and my voucher was approved by Kerry Holmes and paid for by FEMA.**

In the Jan 27, 2017 email to DSA managers and leadership I also mentioned and stated I completed and sent cost comparison to Mary Dawson, so why would Mahone still on the termination write I did not do a cost comparison analysis, she also had an email from Mary Dawson that said I changed my timesheet when I completed my cost comparison. Again, why didn't anyone on the email address this, therefore it was not an error but done in reprisal.

February 9, 2017, Racquel Mahone emailed me that Mary Dawson reported me non-compliant.

Feb 10, 2017, Mary Dawson emailed me back that she did not report me non-compliant to contact DSA cadre.

Feb 10, 2017, I sent this email to former case manager Erik Skinner and I stated things aren't adding up. Mr. Skinner told me to not respond to the cadre nor Mahone that they know you have a case and continue preparing your timeline.

Feb 13, 2017, Mahone sends the termination letter and I sent it to Erik Skinner and asked should I still not contact the cadre, he advised yes. I thought he was working with the Cadre behind the scene to correct the issue, so I did not appeal. Note: I appealed the reprimand, therefore, there had to be a reason why I wouldn't appeal the something so crucial as a termination.

# Brief Description of Actions taken against by the Agency and the Harm is caused

I had appealed this reprisal (wrong and evildoings) to many in leadership and cadres: acting administrator, Reservist Program, Board Members, the cadre's senior leadership, etc.

March 6, 2017, I was on the employee page and received a message that my account would be deactivated in 60 days because I separated for the agency and if questions to contact Human Capital and this is when I sent Human Capital a message sending my in my signed cost comparison. At this time is when I knew the termination was real. I thought the equal rights advisor was working out the issues with the cadre.

March 16, 2017, Human Capital Director emails me regarding my appeal and that the Employee Labor Relations and Mahone stated it was an error to charge me without following FEMAs travel policy because they did not receive the signed cost comparison from Mary Dawson. Regardless, Mahone never contacted me before charging and terminating me, I mentioned I sent the cost comparison to Mary Dawson on the Jan 27, 2017 email and she nor Green addressed it and Mary Dawson sent Mahone and Benson an email that said I updated my timesheet when I completed my cost comparison, therefore they knew in Dec of 2016 that I completed a cost comparison. Also, I have WebTA notifications that my timesheet was sent to Faye Green and Mahone, thank God for notifications. They were aware I changed my timesheet at Mary Dawson's request and with the help of the equal rights advisor on the disaster Tam Nguyen before they wrote the charges on my termination.

April 3, 2017, Faye Green denied my request for time to appeal the termination. Why if you are an honest branch chief and stated the charge of not following FEMA's travel policy was an error?

April 5, 2017, Margareta Veltri sent me the emails that Racquel Mahone sent to Employee Labor Relations. She told me they wrote the charges based on Mary Dawson saying when to complete travel home, even though they had emails that show I asked Dawson should I stop traveling and the travel specialist Rita Hayward said no continue driving and Dawson said continue driving next time check out early or let Branch Director know plans. Dawson knew I did not check out on Dec 19th, 2016 when I closed my County because Esther Herrera the Task Force Lead asked me to remain on the disaster and to move to VA Beach to be Crew Lead because the other white Crew Leads were allowed to demobilize.

***We are adults and part of her task books tasks to go to the next level or become qualified as Specialist, Crew Lead, Task Force Lead, Group Supervisor, etc we are to know how to check-out, travel and demobilize and in my 9 years with FEMA not one Branch Director has told us how to travel home via mode of transportation or when to complete travel, the way we travel home is at our discretion and we have to pay for expenses not approved. You also have staff that like to stay in the area to rest or sight see before traveling home.

August 22, 2017, Gina Helms emailed I was not suitable for the WPS housing inspector position stating my interrogatory response was not sufficient. However, finding my not suitable based Agency manager's lies isn't sufficient.

August 31, 2017, Morgan Kinney advises:

- FEMA did not have a policy that after cleaning an employee's file they have to wait 90 days before applying with FEMA's cadres again.
- All my termination charges were not reversed because of other issues with Supervisor's, citing one in Sept of 2016. This would be Karen Mann who I filed an EEO case against.

# Brief Description of Actions taken against by the Agency and the Harm is caused

Which is it, the charge #1 of not following instructions was not reversed because I did not appeal in time or because of previous EEO cases against Supervisor's? Rita Ramos had about 3 cases filed on her in 2013 besides mine.

November 1, 2017, I received an email that the Customer Service position in Region 6 was withdrawn because I was found not suitable and to continue OSCO. I had contacted OSCO on this occasion and other's and have not received a response. I also followed FOIA instructions and used the number provided but still have not received my personnel record. Seems FEMAs offices are breaking several laws.

January 22, 2018, former Branch Chief of Personnel Security informs me my file showed I was terminated Aug 22, 2018 that I was a negative employee: did not follow FEMA's travel policy. This shows the Agency's evildoing of reprisal behind the scene. Human Capital wrote on March 16, 2017 they would reverse this charge but they have not. Also, when I mentioned to Mr. Clark, I was terminated Feb 13, 2017, he asked when I was rehired. This shows what he read in the file is there.

I also learned in 2018 that Cecilia Nadeau wrote in an email when she was informed that I said my file should show I was terminated Feb 13, 2017 and for not following instructions and completing travel by Dec 23, 2016 that no matter what I perceived that she was not changing it until OCC and Employee Labor Relations tell her to. This also proves they have false information in my file to prevent me finding work.

Also, this year Morgan Kinney admitted the Agency is aware I could not complete travel in 24 hours but that I could have left the disaster early. I have advised all in leadership and I have recordings: I wanted to demobilize Dec 19th, 2016, my Task Force Lead Herrera became upset with me when I told her I wanted to leave, she stated I was needed, so I remained. Dawson was also aware of the move from Suffolk County to VA Beach because she has to complete the 215. I told Dawson on Dec 13, 2016 my plan to check out Dec 22, 2016 and travel Dec 23, 2016 and she did not address where my duty station was, the length of travel nor did she deny the days of checkout and travel, therefore, I should not have been charged neither charge nor terminated.

She also wrote on her witness statement she signed my cost comparison in error not seeing the travel dates and I doubt this she is a micro-manager and doesn't miss a beat. She also sent her own cost comparison for an example on how to complete one and she had her travel dates on it, so why would she sign my cost comparison and not check the dates, per travel policy it is her responsibility to ensure the cost comparison is accurate.

2. **Give the date when the action occurred, and the name of each person responsible for the action.**

See above. Termination letter is dated Feb 13, 2017 but Anthony Clark the former Branch Chief for Personnel Security told me my file shows terminated Aug 22, 2017 for not following FEMAs travel policy.

# Brief Description of Actions taken against by the Agency and the Harm is caused

3. **Describe how you were treated differently from other employees, applicants, or members for any of the reasons listed in Item 16.**  See above,

- The administrator Brock Long did not follow FEMAs travel policy, broke laws that have started criminal investigations and did not follow Senior Leadership instructions to stop using government vehicles and staff for personnel usage and misused $151,000 of government funds paying for drivers to drive, hotel accommodations and travel expenses but was not reprimanded or terminated.

**Other incidents I was treated differently:**

- On DR-4277-LA, I was deceptively demobilized Mann did not extend my release date and wrote an email telling me why because I did not attend a reports meeting, she told the equal rights advisor is was time to demobilize staff her reason for not extending my release date, however when you demobilize staff you do not send an email stating it is because of a class.

- Karen Mann did not send others an email for the reason they had to demobilize and had me checked out by HR because I practiced safety and did not want to drive while taking prescription medicine that said do not drive.
    - Also, I was not allowed to transfer to other branches when I released off bedrest like other staff. At the time other staff were being transferred and I have emails showing this and a conference call meeting email to leads that said to think about other branches staff could be transferred to.

- I was harassed by Phyliss Urmani and was reprimanded for asking for help to have her stop harassing and nothing happened to Urmani regarding harassing myself and Esther Herrera.

- I was not advised of the report of the incident on DR-4277-LA from Mann to Sampson Daruvalla or Racquel Mahone and that Mahone reported it to Employee Relations until after I was blocked from deploying to other disasters.

- DR-4291-VA, Alex McClurkin did not leave the disaster until Dec 24th, 2016 but was not verbally warned, did not receive a reprimand nor terminated for not completing travel from DR-4291-VA by Dec 23rd, 2016.
    - She works under the same cadre DSA and when deployed to disasters must follow the same check out rules as reservist.  Mary Dawson expected her to also follow her check out process, she sent McClurkin the same out-processing instructions, signed her up for a class on check out day; however, McClurkin told me she did not want or need to go to the class and when I checked out on Dec 22, 2016; early evening, Dawson stated to Esther Herrera in front of me; now we are waiting on Alex.

# **Brief Description of Actions taken against by the Agency and the Harm is caused**

- In 2017 after AR disaster, Cindy Shepard was reported to OER for making racial comments, she was counseled by the equal rights advisor, her crew lead Sally Fenley and her group supervisor Thu Ha Nguyen and the person that reported her wrote her up to HQ leadership. She was also blocked from deploying to other disasters but wasn't made aware at first.
    - Cindy Shepard told me that Mahone asked her was she counseled and that she told her yes but Mahone told her that she wasn't counseled and that she had to counsel her, gave a verbal warning and she was made to complete a diversity course and released to go to the next deployment.
        - I reported a white supervisor to OER and was not counseled; had witness statements I was not counseled but blocked from deploying to disasters and reprimanded. I was not released to deploy until I signed the reprimand.


4. **Indicate what harm, if any, came to you in your work situation as a result of this action. (You may but not required to, attach extra sheets.)**

By the Agency's reprisal my name has been slandered; (defamation of character). I am painted as a negative employee that does not follow supervisor's instructions because I did not drive home fast enough by not completing a 21-hour trip without stops in 24 hours and that I do not know how to follow FEMAs travel policies.

These actions of reprisal and false charges have ruined my 13 years in Emergency Management. I started working as a FEMA contractor in 2005.

Even with the Agency stating the charge of not following FEMAs travel policy was an error they have not removed it from my personnel file and the harm this is causing is me being unable to find work internally with FEMA, even though I was offered positions personnel security is denying it stating that I am not suitable and it is harmful externally because I have to state on applications that I was terminated in the last 5 years and to have to explain the situation is very taxing. Companies also won't hire me because they see I spent 13 years in Emergency Management on my resume and my feel working customer service or retail isn't really what I want to do. Being, unable to find full time work harms my family as well, I have children ages 12, 9 and 8 and they have had to make changes in their life because I am no longer employed with FEMA, they have had to learn to try to be patient while mom is fighting her FEMA cases. FEMAs error of terminating me in reprisal takes a toll on the children. If their mother is stressed about finding work and being falsely terminated, they see and feel it.



October 25, 2016

MEMORANDUM FOR:      Nina Coleman
                     Reservist
                     Disaster Survivor Assistance
                     Recovery Directorate

FROM:                Racquel Mahone
                     Reservist Program Manager
                     Disaster Survivor Assistance Division
                     Recovery Directorate

SUBJECT:             Official Reprimand

This is an Official Reprimand for Inappropriate Conduct and Failure to Follow Instructions. The incidents supporting this action are described below.

On August 22, 2016 you were deployed to DR 4277 in Louisiana, and took a reports writer position in Branch I. On August 27, 2016, you engaged in an inappropriate email exchange with a coworker. When the coworker suggested alternate wording for the daily report, you emailed her stating "Please save all the Jeannine English teaching...the sentence is plain and simple...I think your focus should be getting [the] report out on time and not giving English lessons..."

That same day, Mary Ellen Murchison, Tony Nguyen, and Karen Mann received an email from you at 5:40 pm stating: "Please ask Phyllis to stop sending me emails....her incompetence to handle one task is the reason I asked to go to the field and she will not send that demonic spirit out here to me." On August 31, 2016, DSA Branch Director Karen Mann counseled you on your inappropriate and unprofessional emails.

On September 12, 2016, you informed group supervisor John Dwyer that you had nothing to contribute to the disaster survivor reports meeting and therefore you would not attend. Lavar James responded to you on September 12, 2016 at 4:51 pm asking that you participate in the meeting and attend both days of the overview as the meeting was, "not to be optional for those performing in the role." You then notified Mr. James that you would be unable to attend due to undisclosed personal matters. Mr. James clarified that you would need to use sick or personal leave in order to attend to the personal matters. However, you did not use any leave time and reported into work for your regular duties.

You were scheduled to demobilize on September 17, 2016. For medical reasons, your demobilization was extended until September 19, 2016 and then September 22, 2016. On September 22, 2016 you failed to check into DTS or report to the JFO to complete your demobilization process. You were given an opportunity the following day to check out and return your equipment to Esther Herrera. You failed to either check out or return your equipment to Ms. Herrera within the requested time frame.

As a Reservist, your appointment in the Reservist Program is contingent upon your adherence to the Conditions of Employment (COE) that you signed prior to receiving this appointment. As a Condition of Employment, you agreed: "I will present and conduct myself at all times in a professional manner, preserve the public trust and adhere to FEMA/DHS rules and regulations." You also acknowledged, "I may be released from an assignment at any time and with little or no notice based on the needs of the operation." Your failure to communicate professionally and appropriately as well as your failure to follow instructions negatively impacts the efforts of the Disaster Survivor Assistance Division, Recovery Directorate.

The unprofessional emails you sent on August 22, 2016 and your failure to follow demobilization procedures will not be tolerated nor condoned. In deciding to issue you an Official Reprimand, I considered your prior training on FEMA's conditions of employment and professional expectations. This Official Reprimand is issued to correct your unacceptable behavior and to deter you from engaging in future acts of misconduct. You are hereby notified that any future acts of misconduct may result in more severe disciplinary action being taken against you, up to and including your removal from the Federal service.

A copy of this reprimand will be placed in your Official Personnel Folder (OPF) and will remain there for a period not to exceed three (3) years; however, it can be removed by me sooner. After it is removed from your OPF, it may still be used as evidence that you were on notice about the conduct in question.

Because you were appointed to a position under the Robert T. Stafford Disaster Relief and Emergency Assistance Act, Public Law 93-288, as amended, your appointment is excluded from the provisions of Title 5 of the United States Code and its accompanying regulations under Title 5 of the Code of Federal Regulations. Your appointment, therefore, does not entitle you to appeal this action to the Merit Systems Protection Board. However, FEMA is extending to you the opportunity to appeal this decision to Faye Green, Cadre Management and Training Branch Chief, Individual Assistance Division, Recovery Directorate. If you wish to appeal this decision you may do so in writing no later than 5:00 p.m. (local time of Ms. Green) on the fifth calendar day after you receive this notice. Your appeal must be sent to Ms. Green either by mail to 500 C Street SW, Washington, DC 20472 or via email at faye.green@fema.dhs.gov. Ms. Green will issue a final and binding decision.

If you wish to allege this action was the result of prohibited discrimination based on race, color, religion, sex, national origin, handicap, age, genetic information, or reprisal, you may file a discrimination complaint with the FEMA Office of Equal Rights. To file a complaint with the FEMA Office of Equal Rights, you must contact a counselor within 45 days of the effective date of this action. Your complaint should be sent in writing to: Office of Equal Rights, 500 C Street, 4th Floor, Washington, DC, 20472-3505. You can reach a member of the Equal Rights staff at 202 646-3535.

I would also like to take this opportunity to inform you of the Alternative Dispute Resolution Program (ADR). ADR was developed to assist employees and managers in recognizing potential concerns or issues and to resolve them at the earliest possible stage. This program is completely voluntary. If you choose to use this service, contact the ADR office at 202-646-4094.

The Employee Assistance Program (EAP), which is free and confidential, is available to counsel all employees who may have issues affecting their job performance and/or conduct. EAP may be able to assist you with any job-related or personal problems you may be experiencing. This is a voluntary program and no information can be released to me or anyone else in FEMA without your permission. If you believe that EAP could be of assistance, you may contact EAP at 1-800-222-0364 or www.FOH4you.com.

If you have any questions concerning your rights related to this action, you may contact Margaretta Veltri, Human Resources Specialist (LER), at (202) 480-1284.

### Acknowledgement of Receipt:

*Please sign the acknowledgement of receipt below. Your signature does not indicate agreement with this decision, and by signing, you do not forfeit any of your rights cited above. Your signature only represents your receipt of this decision on the date signed.*

*Nina M. Coleman*                                    10-28-16

Nina Coleman                                         DATE

Due to technical difficulties I, Nina M. Coleman did not receive and review the letter of determination today; my FEMA BB was deactivated (waiting on IPHONE) on the day of receipt and I realized later I could not view it, not realizing I only had five days to appeal. I just had my FEMA computer setup today, 10-28-16 and the email with letter of determination was not in my Outlook. I contacted Roxxi and she resent the Letter of Determination today.

Will I be authorized additional time to apeal, since receipt date is 10-28-16? If not will have to see if DSA management give me time to complete as I am deployed to DR4284GA.

I have exercised my rights and contacted ERO, as I feel the actions against me on DR4277LA were discrimatory and the actions taken which caused me to receive the letter of determination was reprisal.

3

Nina,

I would like to express my appreciation for your assistance here at DR-4277. **However at this time, your deployment will not be extended**. I recognize you had concerns during your deployment, which were taken seriously. On 09/12/2014 Tony Nguyen and Lavar James came down to Branch I and had tasked your Group Supervisor and TFL to address concerns from DSA leadership regarding your communication with other team members.

The two days SMARA class was intended to get the entire reports writing team for DR4277 together to collaborate and make efforts to be on the same page with the DSR process. Being the SMARA for Branch I, you are holding a key position in this DSR reporting process. Your declination of participation after multiple requests plus explanation of the class being mandatory singlehandedly defeated the sole purpose of working cooperatively to identify viable solutions to issues which have arisen.

**With that being said, your presence at the SMARA class could have been a good opportunity for you to discuss problems you encountered**; however you were non-compliant. At this point in time, it would be best for you to evaluate your situation. We need to work as a team and find amicable solutions to issues we encounter.

Thank you,

1 Karen Mann deceptive demob and direct chain of command stating they did not counsel me.

**From:** Herrera, Esther
**Sent:** Monday, October 17, 2016 11:12:00 AM
**To:** Coleman, Nina; Mahone, Racquel
**(Subject:** RE: Employee Labor Relations ELR) review

Nina,
Your correct Nina, Tony Nguyen and Lavar James did visit the Branch office. Tony stated he was there to visit me in reference to an email I sent him. My Group Supervisor John Dryer was also in the meeting.

During our meeting Tony and Lavar brought up Nina Coleman sending out an email to DSA leadership in reference to the new report guidelines, John offered to go get Nina so they could discuss their concerns with her but John was told not to get Nina.

Later the conversation was again brought up a few more times about Nina, reference to working well with others, the email, and treating people as you would like to be treated. Once again John stood up and said he would go get Nina, again he was told no, **both Tony and Lavar stated they didn't need to talk to her.**
At the end of the meeting I was told to tell Nina not to be sending out emails out to leadership. I did mentioned it to Nina after I got back from the meeting but when Nina asked me, "What email"? I could not elaborate as I was not provided with any details on date or subject matter of the email.

A few days later John Dryer and I received an email stating we were tasked to speak with Nina, **We both agreed we had not received any instructions on any task. I was surprised by this email and felt uneasy as both John Dryer and I had not received any prior emails in reference to any issues with Nina Coleman and the JFO. I did not receive emails from the JFO on any mandatory meeting requiring Nina Coleman attend.**

Respectfully
Task Force Lead
Branch 1
Esther Herrera
225-573-6897

-----Original Message-----
From: Coleman, Nina
Sent: Friday, October 14, 2016 8:44 PM
To: Herrera, Esther <Esther.Herrera@fema.dhs.gov>; Dwyer, John <John.Dwyer2@fema.dhs.gov>
Subject: Re: Employee Labor Relations (ELR) review

Good afternoon, Esther and John.

I was informed today that I am being reviewed by ELR for the incident of not attending the Daily Summary Report meeting overview in LA.

This is the first time I am aware that any action was taken place against me because I did not attend a reports writing class.

I informed Roxxi that Lavar James and Tony Nguyen visited Branch I but did not speak with me, as well as you guys never addressed me about any disciplinary actions Branch Director, Karen Mann deemed necessary for an ERL review. She mentioned in her email when she stated she was not extending my release date that you guys were tasked to speak with me but I did not receive have any meeting with you guys about the meeting you had with Lavar and Tony.

If you could, please, on my behalf inform me on what took place in the meeting with Lavar, Tony and if I should have been reprimanded in any manner for behavior deemed unprofessional on DR4277.

Sincerely, Nina Coleman


2 Karen Mann deceptive demob and direct chain of command stating they did not counsel me.

**From:** Dwyer, John
**Sent:** Monday, October 17, 2016 11:26:24 AM
**To:** Mahone, Racquel
**Cc:** Coleman, Nina; Herrera, Esther
**Subject:** Re Nina Coleman

Roxxi,

In response to Nina Colman's statement regarding what occurred regarding her not attending the Reports Writer Meeting for
DR 4277 LA, I would like to inform you of the following:

1. I respected the fact that Nina had personal reasons which she did not want to disclose as her reasons for not attending the meeting but I did not, either verbally or in writing, approve of her not attending the Reports Writer Meeting.

2. Regarding the meeting with Lavar James and Tony Nguyen, most of the time in the meeting was spent discussing an email that Esther Herrera had sent and of which I was unaware prior to the meeting. Regarding Nina Coleman, as I recall, her situation was brought up briefly during the meeting. At the end of the meeting Esther was asked to inform Nina that she should not send emails to upper management and that she should respect the chain of command. No mention was made of Esther and I meeting, jointly, with Nina. I did ask Tony if he would like me to invite Nina to attend the meeting that we were having with he and Lavar and he said "No".

Thank you for your time and interest.

John Dwyer
Deputy Branch Director
DSA – DR 4284 GA
Phone: 347.886.5633
Email: john.dwyer2@fema.dhs.gov

3 Karen Mann deceptive demob and direct chain of command stating they did not counsel me.

*Evidence of Security bullying pgs 2, 3 and Karen Mann stated "I wait*
*for family member I am on my own. pg. 5*

# M Gmail

N Coleman <ninacoleman7771@gmail.com>

*Esther Herrera unable to meet me pgs due to traffic*

## Fwd: Release from DR-4277 / Halley Boutwell Country Inn and Suites Employee statement / Coleman Nina request for Check-out I did not receive email until after the incident with the security officer

1 message

**N Coleman** <ninacoleman7771@gmail.com>                                   Fri, Aug 18, 2017 at 11:16 AM
To: "ninacoleman7771@gmail.com" <ninacoleman7771@gmail.com>

---------- Forwarded message ----------
From: **Coleman, Nina** <Nina.Coleman@fema.dhs.gov>
Date: Fri, Sep 23, 2016 at 5:51 PM
Subject: RE: Release from DR-4277 / Halley Boutwell Country Inn and Suites Employee statement / Coleman Nina request for Check-out
To: "Herrera, Esther" <Esther.Herrera@fema.dhs.gov>, "Mann, Karen" <Karen.Mann@fema.dhs.gov>, "Raiswell, Peter" <Peter.Raiswell@fema.dhs.gov>, "Burroughs, Jason" <jason.burroughs@fema.dhs.gov>, "Thee, Michael" <Michael.Thee@fema.dhs.gov>, "Stolar, Gerard" <Gerard.Stolar@fema.dhs.gov>, "Gossage, Donald" <Donald.Gossage@fema.dhs.gov>, "Joseph, Jeffrey" <Jeffrey.Joseph@fema.dhs.gov>
Cc: "Glenn, Patricia" <Patricia.Glenn@fema.dhs.gov>, "Oleary, Marybeth" <Marybeth.Oleary@fema.dhs.gov>, "Borsos, Patricia" <patricia.borsos@fema.dhs.gov>, "Fugate, Craig" <Craig.Fugate@fema.dhs.gov>, "Nimmich, Joseph" <joseph.nimmich@fema.dhs.gov>, "Coleman, Corey J (CCHCO)" <Corey.J.Coleman@fema.dhs.gov>

To the DR4277 Chain of Command:

Thank you for finally providing me options on my demobilization plan.  I asked early yesterday morning for options, however did not receive any information until late evening after work hours, after encountering workplace bullying by FEMA security.
 **In which this matter has not been addressed.**  I have spoken with ERA to help me address this matter as it seems DR4277 Chain of Command is trying dismiss what happened to me and the hotel staff.  * Please see the hotel employee's statement attached.

Today, I asked early this morning again for options if I would be allowed to wait for a family member to pick me up and/or if approved sick leave/allowed to demobilize on Tues and sent my prescription information showing where it stated I could not drive while taking the medicine.  **I have waited for directions all day,** therefore I have not planned or made any arrangements to return the rental, pay for the hotel until Tuesday, etc.

What I do not understand is why I am constantly getting emails late in the evening, when the chain of command are aware I am on medicines and resting.  I do not understand why I am getting unreasonable accommodations; why are emails being

sent so late regarding my demobilization. I received today's options at 4:11 pm this evening that does not give me time to get things in order not to mention the last minute stress and strain you are putting on Esther to meet me, return the car, etc.

*I am asking that Esther is allowed to check me out tomorrow, as well as return the car tomorrow, pick-up the computer and go over my evaluation. I feel this is a reasonable request. This gives me time to locate an Enterprise to return the car, gathering things out the car and hopefully find an Enterprise in the area without going to New Orleans, and secure my room under my card until Tuesday.*

**I also, would like the workplace bully against me and the Country Inn and Suites employee addressed. Michael Thee said the Chief of Staff sent security for a wellness check, however, when the front desk asked to call my room, FEMA Security said no, he needed to see me face to face and when Halley brought him to my door he hid on the side of the door. This could not be proper procedures for a wellness check; an FEMA employee is always to identify themselves. As well, Esther who is assisting me now could have checked on me; however the local police was called to the hotel looking for. I feel this was workplace bullying from the Chain of Command and not a wellness check and now all involved want to cover it up. However, it is not the correct thing to do or this person will continue representing FEMA security bullying people. Security managers, please provide the name of this employee, by procedures he had to report back to someone.**

Sincerely,

**Nina M. Coleman**

**DR4277 | Disaster Survivor Assistance Specialist**
**FEMA Cell: 347-635-0506**

If the machine of government is of such a nature

that it requires you to be the agent of injustice to another, then,

I say, break the law. *Henry David Thoreau*

**From:** Halley Boutwell [mailto:boutwellh@yahoo.com]
**Sent:** Thursday, September 22, 2016 11:58 PM
**To:** Coleman, Nina <Nina.Coleman@fema.dhs.gov>; ninacoleman7771@gmail.com
**Subject:** Hotel Incident 9/22/2016

Hi Nina, this is Halley Boutwell. I am the girl who works at the front desk at Country Inn & Suites in Covington, LA.

This is my statement of what happened tonight.
I had just gotten back to the front desk after helping a guest out when I saw a man waiting by himself. I asked him if he was checking in, or if he needed help with anything. He told me his name (which I can't remember) and said that he was with FEMA security. Handed me his badge and told me he needed to see you. I looked at the badge, it looked legit, and told him I could call your room and he could talk to you. He told me that he needed to see you face to face. I was a little hesitant, but with everything else that had happened today, I told him I would bring him up to your room just to see if you were even up there. I told him the cops had dropped by looking for you and he didn't really seem to know what I was talking about. Once we were in the elevator I told him that Blair (my manager) had talked to you today about extending your stay with us and that she had saw you earlier today. He then said something about how FEMA wasn't going to pay for your room anymore. I just said okay and asked if it had to do with you not showing up for work, or something. I still didn't even know what was going on at that point, I didn't know you were out with permission from a doctor. I was just trying to figure out what the situation was. We exit the elevator on the second floor and he was walking a ways behind me. I assumed it was from the leg brace/cast thing he was wearing. He made a comment about how he was going to stand out of the way or something weird like that, and so I just told him ok. We get to your room and that's when I knocked and said who I was and that there had been some people from your work looking for you. You hadn't opened the door yet and were explaining how you weren't from the area and that you didn't know anyone here and stuff. That's when this mystery FEMA man got in between me and the door and started waving his badge in front of the peephole and talking over me. Then you opened the door and were trying to tell him what was going on. He WOULD NOT let you talk! He started getting loud and then he put his foot in the door like he was trying to get in your room. That's when I knew I had to intervene. So I put my arm between you and him and was trying to squeeze my self in while asking both of you to try to calm down. You did, but he just got louder, so you said you were going to call the cops. I said OVER and OVER to this guy that, this is NOT how we do things here at this hotel and that he absolutely COULD NOT go in your room and that he needed to leave. While you went to the phone he was grabbing my arm and trying to shove me out of the way. I told him that he was NOT allowed to touch me and again, that he needed to get out. He never stopped talking over me and began to wave his finger in my face. He wasn't listening to me and I started to get scared because this man was a lot larger than the both of us. So I ran down the hall and down the stairs back to the front office. There I locked the doors and called my manager (Blair). As I was talking with her, I saw him come back down and go to the front desk. I didn't open the door because I was afraid he might be hostile. Then he left. This all happened somewhere between 7:30-8:00 pm on Thursday, 9/22/2016

Let me know if you need anymore information. This is my personal email, my work email is halley.boutwell@covcis.com

**From:** Herrera, Esther
**Sent:** Friday, September 23, 2016 4:11 PM
**To:** Coleman, Nina <Nina.Coleman@fema.dhs.gov>
**Cc:** Glenn, Patricia <Patricia.Glenn@fema.dhs.gov>; Oleary, Marybeth <Marybeth.Oleary@fema.dhs.gov>; Raiswell, Peter <Peter.Raiswell@fema.dhs.gov>; Burroughs, Jason <jason.burroughs@fema.dhs.gov>; Borsos, Patricia <patricia.borsos@fema.dhs.gov>; Mann, Karen <Karen.Mann@fema.dhs.gov>
**Subject:** RE: Release from DR-4277

Nina,

I'll be at your hotel no later than by 5:30. I'll take care of your paperwork to check out of 4277-LA and secure the FEMA lap top. If you need assistance to return your car. Let me know as well.

Respectfully

Esther

**From:** Mann, Karen
**Sent:** Friday, September 23, 2016 3:55 PM
**To:** Herrera, Esther <Esther.Herrera@fema.dhs.gov>
**Cc:** Glenn, Patricia <Patricia.Glenn@fema.dhs.gov>; Oleary, Marybeth <Marybeth.Oleary@fema.dhs.gov>; Raiswell, Peter <Peter.Raiswell@fema.dhs.gov>; Burroughs, Jason <jason.burroughs@fema.dhs.gov>; Borsos, Patricia <patricia.borsos@fema.dhs.gov>
**Subject:** Release from DR-4277

Esther,

As you are the Branch I DSA POC and Task Force Leader, please send the below information to Ms. Coleman regarding her release from DR-4277.

Thank you,

Karen

Nina,

Your scheduled demobilization date was yesterday, September 22, 2016, and you did not report to the JFO to complete the demobilization process. Based on your e-mail from last night, you stated you would like to do an emergency check out so you do not have to drive to the JFO. The JFO is willing to have you check out remotely, but in order to accomplish this you need to take the following actions:

- Request check out in DTS today, September 23, 2016 no later than 7:00pm

- Return all accountable property to Esther Herrera today, September 23, 2016; she will stop by your hotel and pick it up from you

- Meet with Esther Herrera today, September 23, 2016, to go over your performance appraisal

Also, you have indicated concerns about driving back to your residence of record due to the current medication(s) you are taking. If this is the case, the Chief of Staff is willing to provide you with a driver and an escort to take you home to your residence of record departing today. If you want to take advantage of this offer please let your supervisor know immediately, but no later than 6:00pm today, September 23, 2016. If you choose to wait for a family member to pick you up and drive you home, you may do so at your own expense. Your FEMA travel card should not be used for lodging expenses once you have demobilized, not to exceed September 23, 2016. In addition, please remember non-FEMA employees may not drive a government rental car provided to you by FEMA. So if a family member is picking you up, they are not authorized to drive your rental car unless they are employed by FEMA.

Karen Mann

DSA Branch Director

N-IMAT East 2

Karen.Mann@fema.dhs.gov

(202) 770-9674

🗂 **Halley Boutwell Statement FW_ Hotel Incident 9_22_2016.pdf**
   125K

*Travel home includes: rental car, gas and meals*
1/27/2018                    Gmail - FW: check out completed (check-out when get home)
*Esther Herrera was unable to meet me due to traffic*

M Gmail                                          N Coleman <ninacoleman7771@gmail.com>

---

## FW: check out completed (check-out when get home)

1 message

---

**Coleman, Nina** <Nina.Coleman@fema.dhs.gov>                    Sat, Sep 24, 2016 at 8:05 AM
To: "ninacoleman7771@gmail.com" <ninacoleman7771@gmail.com>

Karen's instructions to check out of DTS when I get home.

**Nina M. Coleman**

**DR4277 | Disaster Survivor Assistance Specialist**

**FEMA Cell: 347-635-0506**

If the machine of government is of such a nature

that it requires you to be the agent of injustice to another, then,

I say, break the law. *Henry David Thoreau*

**From:** Mann, Karen
**Sent:** Friday, September 23, 2016 6:29 PM
**To:** Coleman, Nina <Nina.Coleman@fema.dhs.gov>
**Cc:** Leary, William C <William.Leary@fema.dhs.gov>; Raiswell, Peter <Peter.Raiswell@fema.dhs.gov>; Burroughs, Jason
<jason.burroughs@fema.dhs.gov>; Borsos, Patricia <patricia.borsos@fema.dhs.gov>; Glenn, Patricia
<Patricia.Glenn@fema.dhs.gov>; Stroud, Joseph <Joseph.Stroud2@fema.dhs.gov>; Herrera, Esther
<Esther.Herrera@fema.dhs.gov>; Murchison, Mary Ellen <MaryEllen.Murchison@fema.dhs.gov>; Hamrick, William
<William.Hamrick@fema.dhs.gov>
**Subject:** check out completed

Nina,

Given you would not meet with Esther Herrera at an arranged time to return your equipment and complete check out
process, you have been officially check out at the JFO. It will be your responsibility to assure any equipment issued
from DR-4277-LA is returned. Your lodging will be covered through the night of 9/22/2016 and rental car will be
covered through 09/23/2016. Expenses on the day you travel home will be covered but any expenses incurred after the
dates noted and prior to your departure will be your responsibility. Keep in mind your demobilization date was
9/22/2016 and arrangements should have been made accordingly. Please make sure you demobilized through DTS once
you return home.

Thank you,

Karen

*I waited 4 days for permission to wait for a family member.*
*Travel includes rental, gas, meals.*

Karen Mann

DSA Branch Director

N-IMAT East 2

Karen.Mann@fema.dhs.gov

(202) 770-9674

U.S. Department of Homeland Security
Washington, DC 20472



February 13, 2017

| | |
|---|---|
| MEMORANDUM FOR: | Nina Coleman<br>Reservist<br>Disaster Survivor Assistance<br>Recovery Directorate |
| FROM: | Racquel Mahone<br>Reservist Program Manager<br>Disaster Survivor Assistance Division<br>Recovery Directorate |
| SUBJECT: | Notice of Termination of Appointment |

This memorandum notifies you that your appointment as a Reservist, Disaster Survivor Assistance Cadre, Recovery Directorate, Federal Emergency Management Agency (FEMA), Department of Homeland Security (DHS) is terminated effective February 13, 2017. This action is necessary due to the following charges:

**Charge 1: Failure to Follow Instructions**

> **Specification:** On or about December 24, 2016, you failed to follow instructions when you ignored the direction of your supervisor, Mary Dawson, who instructed that all your travel must be completed by Friday, December 23, 2016.

**Charge 2: Failure to Follow Written Agency Policy**

> **Specification:** On or about December 23-24, 2016, you failed to comply with written agency policy when you drove from Norfolk, VA to Dallas, TX in a government rental car without prior approval and without conducting the required cost comparison analysis.

**Background:**

On December 13, 2016, while on deployment to DR 4291 in Virginia, you received an email from your field supervisor Mary Dawson which instructed: "You may checkout on the 21st, 22nd or 23rd; keeping in mind that all travel must be completed by Friday, the 23rd." You failed to follow these instructions by travelling on December 24, 2016 and failing to return your rental car until December 25, 2016.

On Saturday, December 24, 2016 you failed to comply with agency policy when you drove from Norfolk, VA to Dallas, TX in a government rental car without official approval and without conducting the required cost comparison analysis. Per the FEMA Travel Policy Manual 122-1-1:

Travelers must select the mode of transportation most advantageous to the Government, considering cost and other factors. The mode of transportation selected must be the most expeditious means of transportation practicable and commensurate with the nature and purpose of the traveler's duties. Travel by common carrier is presumed to be the most advantageous method of transportation and must be used when reasonably available.

Airlines should be used for long distance travel exceeding 300 miles. If an airline is not selected as the mode of transportation for travel that exceeds a distance of 300 miles, the traveler must submit an approved cost comparison with their TA to document that the selected alternative method is less expensive than the cost of the airline. The cost comparison must include the expense of transportation to and from the common carrier terminal. The cost comparison must also consider additional costs that would be incurred as a result of the alternate mode of transportation, including costs of any addition per diem, overtime, comp time, lost work time, and actual transportation costs. Any excess transportation costs incurred for indirect travel for personal reasons, or by unauthorized modes of transportation, will not be reimbursed.

After you completed your travel, you informed Ms. Dawson that you have a reasonable accommodation which necessitates you travel by vehicle instead of common carrier. However, your reasonable accommodation number was not indicated on your travel voucher. Additionally, the reasonable accommodation request you filed on October 28, 2016 is no longer current and does not include any mention of a need for travel accommodations. As the FEMA Travel Policy Manual 122-1-1 states:

The only instance where a cost comparison is not required is if the Deciding Official or Approving Official has approved a common carrier other than airline for a Reasonable Accommodation, Emergency Travel, or operational necessity. In this instance, the TA and voucher must clearly state a reason for approval.

Your behavior on your last deployment during the time frame of December 23-24, 2016 will not be tolerated nor condoned.

In FEMA, as in other Federal departments and agencies, certain rules and regulations have been established to guide employees while employed with the Agency. Each employee is expected to become familiar with those rules and regulations and to fully comply with them as a continuing condition of employment. Additionally, FEMA Manual 255-3-1, Employee Discipline Manual, Section 1-7(g), states in part that, "Employees are responsible for acting in a manner that will ensure their conduct does not negatively reflect on the Federal Government and the Federal Emergency Management Agency (FEMA); upholding, with integrity, the public trust involved in the position to which assigned; and observing pertinent laws, rules, regulations, and other authoritative instructions."

You signed the Conditions of Employment for employees hired under the Stafford Act on February 24, 2008. By signing this document you agreed to travel in the "most expeditious and cost effective manner" to make all travel arrangements. You were notified that violations would result in appropriate disciplinary action, up to and including termination of employment.

## Penalty Determination

In determining the appropriate penalty to impose regarding this matter, the following factors were taken into consideration.

1. You were previously reprimanded for failure to follow instructions regarding demobilization on October 26, 2016.

2. You failed to meet FEMA Reservists' Conditions of Employment which state that you must travel in the "most expeditious and cost effective manner."

3. Your actions are in direct violation of the FEMA Travel Policy Manual 122-1-1, dated September 23, 2015.

4. On December 13, 2016, you were given specific instructions by Mary Dawson to complete all travel no later than December 23, 2016.

All employees are required to meet the standards of FEMA's rules and regulations, and maintain acceptable standards of conduct. Due to your inability to comply with FEMA's reservist policy, I have determined that your appointment will be terminated effective February 13, 2017.

## Employee Rights

Because you were appointed to a position under the Robert T. Stafford Disaster Relief and Emergency Assistance Act, Public Law 93-288, as amended, your appointment is excluded from the provisions of Title 5 of the United States Code and its accompanying regulations under Title 5 of the Code of Federal Regulations. Your appointment, therefore, does not entitle you to appeal this action to the Merit Systems Protection Board. However, FEMA is extending to you the opportunity to appeal this decision to Faye Green, Cadre Management and Training Branch Chief, Individual Assistance Division, Recovery Directorate. If you wish to appeal this decision you may do so in writing no later than 5:00 p.m. (local time of Ms. Green) on the fifth calendar day after you receive this notice. Your appeal must be sent to Ms. Green either by mail to 500 C Street SW, Washington, DC 20472 or via email at faye.green@fema.dhs.gov. Ms. Green will issue a final and binding decision.

If you wish to allege this action was the result of prohibited discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or reprisal, you may file a discrimination complaint with the FEMA Office of Equal Rights. To file a complaint with the FEMA Office of Equal Rights, you must contact a counselor within 45 days of the effective date of this action. Your complaint should be sent in writing to: Office of Equal Rights, 500 C Street SW, 4th Floor, Washington, DC, 20472-3505. You can reach a member of the Equal Rights staff at 202-646-3535.

If you have any questions concerning this notice, please contact Margaretta Veltri, Office of the Chief Component Human Capital Officer, Employee Services Division, Labor and Employee margaretta.veltri@fema.dhs.gov.

cc:
Margaretta Veltri, LER

## Acknowledgement of Receipt

*You are requested to sign and date the acknowledgment copy of this letter as evidence that you have received it. Your signature does not indicate that you agree or disagree with the contents of this letter. However, your failure to sign the acknowledgment copy will not void the contents of this letter.*

_____          _____

Nina Coleman                                                    DATE

Email from Human Capital that manager's would reverse charge of not following FEMA's travel policy but they did not.

M

## 3-16-17 Agency admitted error of travel policy charge

1 message

**N Coleman** <ninacoleman7771@gmail.com>                                        Wed, Jan 24, 2018 at 3:55 PM
To: N Coleman <ninacoleman7771@gmail.com>

--------- Forwarded message ---------
From: "Pellicci, Kelley" <Kelley.Pellicci@fema.dhs.gov>
Date: Mar 16, 2017 12:53 PM
Subject: FW: I really need DR4291VA leadership to come to my defense on my non-compliant demobilization
To: "ninacoleman7771@gmail.com" <ninacoleman7771@gmail.com>
Cc:

Dear Ms. Coleman,

This email is in response to your email to FEMA officials on Wednesday, March 08, 2017.

On February 13, 2017, you received a written notification that you were being terminated from your position as a Reservist due to your failure to follow instructions regarding demobilization and your failure to follow written agency policy.

On March 8, 2017 and March 10, 2017, you contacted FEMA HC Service Desk and Administrator Robert Fenton to appeal your termination decision.

The documentation you provided to FEMA HC Service Desk included a copy of the travel cost comparison analysis signed by yourself and Mary Dawson on December 22, 2017.  As a result of an error, this information was never provided to your Cadre Manager, Racquel Mahone.   Upon discovery of this error, the Office of the Chief Human Capital Officer has removed any mention of your failure to follow agency policy regarding the cost comparison analysis from agency records.

However, you failed to appeal this decision to Faye Green, Cadre Management and Training Branch Chief, Individual Assistance Division, Recovery Directorate, within five days. As noted in your termination letter, Ms. Green was the appropriate contact for your appeal. Therefore, your charge for failure to follow the instructions of your field supervisor, Mary Dawson, who provided specific instructions by to complete all travel no later than December 23, 2016, will not be reversed.

**Kelley Pellicci**

*Director, Employee Services*

*Office of Chief Component Human Capital Office (OCCHCO)*

*Federal Emergency Management Agency (FEMA)*

*U.S. Department of Homeland Security (DHS)*

*Office* (202) 212-2436

*Cell* (202) 550-6915

*Fax* (540) 504-2593


*Human Capital Service Desk*

*866-896-8003*

*FEMA-HC-ServiceDesk@dhs.gov*

---

**From:** N Coleman
**Sent:** Wednesday, March 08, 2017 1:55:22 PM
**To:** Holmes, Kerry; Dawson, Mary; Herrera, Esther; Smith, Christopher B; Gunter, Robert; Fenton, Robert; Sullivan, Robert; Lambrecht, Michael
**Subject:** I really need DR4291VA leadership to come to my defense on my non-compliant demobilization

Good afternoon, I really need those involved in my demobilizing from VA to come to my defense.


I have been with FEMA 9 yrs, June would have made 10 yrs. I do not have bad evaluations, have always taken pride in my work and never had any issues up until having new management within DSA, starting in Sept 2016. I feel I am being retaliated against by DSA cadre management, first starting with DSA Operations; Sampson Daruvalla and Lavar James.


I understand the only rights a reservist has is EEO; however while waiting for mediation, I am unemployed and shouldn't have to go through the burdens of going to mediation (which also costs the agency) when what DSA leadership is doing is unfair. Someone has to see the unjust in the situation.


Racquel Mahone and Faye Green, have accused me of things and have not spoken with me on what could have happened. I know employees who have done much worse then not attach a cost comparison to a voucher or complete travel by a certain day but are still employed nor have not been written up.


DSA Cadre Racquel Mahone has terminated me based on untrue information that she said Mary Dawson provided her. Mary Dawson has stated she did not report me.


Charge 1: Failure to follow instructions, said I ignored directions of Mary Dawson who instructed me that travel must be completed by Friday, Dec 23rd.


I did not purposely ignore any directions, I must have overlooked travel had to be completed by Dec 23rd, we receive so many emails from the JFO, I do recall seeing in red that we could travel on Dec 21st, Dec 22nd or Dec 23rd and I knew I was traveling on Dec 23rd so I didn't read entire email and I told Esther weeks prior that I was driving home and emailed Mary Dawson and Esther on Dec 13th of my travel plans.

I have always checked out one day and drove the next day and DR4291VA leadership knows I could not make it to Dallas in 1 day, especially since I heard during the Texas disaster last spring/summer we had to get off the road at dark for safety reasons. Esther also told me travel told her in Texas they had to get off the road at dark, I normally try to drive straight through.

I feel if there was an issue with traveling, Mary and Esther should have told me you need to check out on Dec 21st, I even spoke to Esther about leaving sooner once I closed my county and she said I was needed to assist Virginia Beach. I finish work in my county, Dec 17th, I could have checked out Dev 19th.

Again, if it were an issue Mary nor Esther should have approved my checking out on Dec 22nd and travel Dec 23rd.

Also, Alex McClurkin did not drive home from the disaster until Dec 24th and I was advised Kerry Holmes signed her travel voucher. As well turned in her rental on Dec 26th because rental company was closed. Sampson approved her WebTa, yet I am being terminated because I did not complete travel by Dec 23rd and did not select the most advantageous transportation. However, rental car was least expensive.

Travel specialist Rita Haywood said if supervisor approved cost comparison that you could drive and Mary Dawson had approved it. I thought I attached it to voucher, however, Kerry Holmes nor Biloix contacted me about cost comparison being missing.

Esther told me Mary stated she would not have signed my cost comparison if took so long to get home. So I really need the DR4291VA chain of command to contact DSA Cadre regarding this matter, I do not feel it warrants termination with all supervisors being involved and knowing I followed procedures. There was also mention it took travel long part of my termination but it wouldn't have if I did not have to stop to reply to supervisors emails, get off the road at dark, there were also many accidents and bad weather. I got home late Dec 24th and took vehicle back Dec 25th.

If I did not follow instructions or was non-compliant why did Kerry sign my travel voucher and FEMA Biloxi paid it.

The termination letter also said, on about Dec 23rd-24th you failed to comply with written prior approval and without conducting the required cost comparison analysis.

However, I did turn in a cost comparison and told Esther and Mary prior to checking out my checkout date amd mode of transportation.

See attachments. One also shows where travel specialists sent info on I could drive rental home I used during disaster, and it perhaps the reason Biloxi paid it without the cost comparison.

I hope someone could speak to cadre management in my defense and make them aware of their errors.

They don't have to want me in DSA but to make up charges to terminate me is unjust.

Thank you.

FEMA's Attorney Morgan Kinney admits reprisal, the Agency did not reverse charges because I did not appeal in time but because of communications with managers I filed EEO cases against.

## 8-31-17 Fwd: RE: Nina Coleman v. DHS Agency No. HS-FEMA-27306-2016
1 message

**N Coleman** <ninacoleman7771@gmail.com>                                    Wed, Jan 24, 2018 at 3:27 PM
To: N Coleman <ninacoleman7771@gmail.com>

------ Original Message ------
Subject: RE: Nina Coleman v. DHS Agency No. HS-FEMA-27306-2016
From: "Kinney, Morgan" <morgan.kinney@fema.dhs.gov>
Date: Thu, August 31, 2017 3:28 pm
To: "tom@tru-legal.com" <tom@tru-legal.com>
Cc: "Vardy, Loretta" <Loretta.Vardy@fema.dhs.gov>

Mr. Urquidez,

My comment relates to the fact that the incident which lead to Ms. Coleman's termination is not the first or only instance where she has had communication issues with management officials. Specifically, in September of 2016 there were a few instances where she failed to follow the instructions of a different supervisor while deployed to a disaster, and again, had issues with the demobilization process. We're obviously not here to litigate these matters in mediation, but those instances are taken into consideration when discussing settlement.

Regards,

Morgan Kinney
Trial Attorney
Personnel Law Branch (East)
FEMA, Office of Chief Counsel
Desk: 202-212-7101
Cell: 202-709-0631
Fax: 540-504-2553

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this message in error, please reply immediately to the sender and delete this message. Thank you.

**From:** tom@tru-legal.com [mailto:tom@tru-legal.com]
**Sent:** Thursday, August 31, 2017 3:38 PM
**To:** Kinney, Morgan <morgan.kinney@fema.dhs.gov>
**Cc:** Vardy, Loretta <Loretta.Vardy@fema.dhs.gov>; N Coleman <ninacoleman7771@gmail.com>; tom@tru-legal.com
**Subject:** RE: Nina Coleman v. DHS Agency No. HS-FEMA-27306-2016

Ms. Kinney,

Thank you, and thank you and Ms. Vardy for your time this morning. Ms. Coleman did have a question. I have "cut and pasted" Ms. Coleman's question below.

"Could you find out what other issue did, Ms. Kinney mean? She said there were other issues. I'd like to know maybe I was reported and do not know. This will also help me with my decision. Thank you."

You have my permission to respond to all. Again, thank you,

Best regards,
Tom

## Thomas J. Urquidez

Urquidez Law Firm, LLC
5440 Harvest Hill, Suite 145E
Dallas, Texas 75230
214.420.3366 (office)
940.224.6496 (cell)
214.206.9802 (fax)

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

------- Original Message -------
Subject: Nina Coleman v. DHS Agency No. HS-FEMA-27306-2016
From: "Kinney, Morgan" <morgan.kinney@fema.dhs.gov>
Date: Thu, August 31, 2017 2:10 pm
To: "tom@tru-legal.com" <tom@tru-legal.com>
Cc: "Vardy, Loretta" <Loretta.Vardy@fema.dhs.gov>

Mr. Urquidez,

As a follow-up to our discussion in today's mediation, I have looked into Ms. Coleman's concerns about a 90-day and/or 3-year limitation on applying to various positions with the Agency. I have spoken with our Human Capital

specialist that deals with Stafford Act employees, and she has informed me of the following:

> 1. The Agency has no policy that states an Official Reprimand must be removed from an employee's Official Personnel Folder (OPF) for at least ninety days prior to an application for employment being considered.
> 2. The Agency also does not have a policy that prohibits an employee from applying to any position with the Agency, if the employee's OPF shows a resignation (including a resignation from FEMA).

Please let me know if either or your client has any further questions about the above information. Thank you.

Regards,

Morgan Kinney
Trial Attorney
Personnel Law Branch (East)
Mission Support Division
FEMA, Office of Chief Counsel
Desk: 202-212-7101
Cell: 202-709-0631
Fax: 540-504-2553
morgan.kinney@fema.dhs.gov

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this message in error, please reply immediately to the sender and delete this message. Thank you.

M Gmail    *Email of Dawson telling me to continue traveling*    N Coleman <ninacoleman7771@gmail.com>

**Fwd: 12-24-16 Mary Dawson told me to continue traveling_Fwd: FW: Travel Time**
1 message

**N Coleman** <ninacoleman7771@gmail.com>      Sun, Feb 4, 2018 at 4:56
To: N Coleman <ninacoleman7771@gmail.com>

---------- Forwarded message ----------
From: **N Coleman** <ninacoleman7771@gmail.com>
Date: Sun, Feb 4, 2018 at 4:51 PM
Subject: 12-24-16 Mary Dawson told me to continue traveling_Fwd: FW: Travel Time
To: N Coleman <ninacoleman7771@gmail.com>

See below I never said I had a RA#, I stated I had a reasonable accommodation on file. I knew nothing about an RA# to travel and I have never used one to travel before and as I previously stated I have traveled by car since 2013, I left CO by car in 2013, drove to and from: MS 2014, OK, KY and SC 2015, MO, MS, TX, LA 2016.

It has never been an issue with VA 2016 until after increased scrutiny from Headquarters manager because of Karen Mann's discrimination and bullying manner's on DR-4277-LA.

---

**From:** Coleman, Nina
**Sent:** Saturday, December 24, 2016 7:33:34 PM
**To:** Dawson, Mary
**Cc:** Herrera, Esther; Haywood, Rita; Boyanowski, Nora
**Subject:** RE: Travel Time

Thanks for information, however, I have worked with plenty BDs and have not had this issue, I guess all deployments are different because on previous disasters BDs have approved my Sat travel and I have never heard a word about it, perhaps because I was working in the office and shut down DSA. I left Texas this year on a Sat, OK last yr on a Sat and SC I left on a Sat, it has never been an issue until VA. So I will have to be careful from here on out what deployments I accept.

I'm still traveling, hopefully you guys are off and getting ready for Christmas. If not traveling home, rest sounds good! Lol! Or good times with coworkers.

Good evening

Nina M Coleman
Disaster Survivor Assistance Cadre

DSA Specialist | SMART Mobile Application and Reports Analyst | Coach Evaluator

Business: 347-635-0506

Sent from my iFEMA mobile device.

---

**From:** Dawson, Mary
**Sent:** Saturday, December 24, 2016 7:03:25 AM
**To:** Coleman, Nina
**Cc:** Herrera, Esther; Haywood, Rita; Boyanowski, Nora
**Subject:** RE: Travel Time

Nina

Continue with travel today as planned. I was not aware of a "reasonable accommodation" on file at HQ.

Moving forward, on future deployments, Please advise the Branch Director of the reasonable accommodation prior prior to leaving your HOR, to avoid any sort of confusion

Also please make arrangements with your Branch Director to out-process and travel during the 40 hour work week whenever possible. So for example: on the next deployment, you would arrange to checkout Wednesday and travel Thursday and Friday, should you require 2 days of travel

Safe travels and if Nora and Rita would care to add anything, or correct anything I have said, please do.

v/ Mary

Mary E. Dawson
FEMA
717-712-9790
mary.dawson@fema.dhs.gov

---

**From:** Coleman, Nina
**Sent:** Saturday, December 24, 2016 5:47:57 AM
**To:** Dawson, Mary
**Cc:** Herrera, Esther; Haywood, Rita; Boyanowski, Nora
**Subject:** RE: Travel Time

I was not aware I couldn't travel on Sat and did not give traveling on Sat a thought because travel day was Friday and I have traveled on Saturday 's before.

Also, Esther knows I live in Texas and has worked with me before and knows I drive; I wouldn't be able to do 20 hours or more in a day.

Trying to find away to resolve this issue without conflict, so should I stay put and continue my travel on Monday since traveling on Sat is a problem in DR4291VA. I also have a reason accommodations filed at HQ and every 2 hours I have to stop and do 15 - 20 minutes back stretches, so my travel would take longer than normal.

Please advise, thanks.

Nina M Coleman
Disaster Survivor Assistance Cadre

DSA Specialist | SMART Mobile Application and Reports Analyst | Coach Evaluator

Business: 347-635-0506

Sent from my iFEMA mobile device.

**From:** Dawson, Mary
**Sent:** Friday, December 23, 2016 11:38:14 AM
**To:** Coleman, Nina
**Cc:** Herrera, Esther; Haywood, Rita; Boyanowski, Nora
**Subject:** Travel Time

Nina – Please review your time and make necessary changes.

- Checkout day Thursday, December 22 – should not reflect an 8.5 hour day

- Friday December 23rd – only claim the time it would take you to "fly" portal to portal from Norfolk to Dallas.

- Saturday December 24th – No hours should be claimed

I apologize for not explaining this prior to your departure, as I was not aware you were driving until you checked out, and I assumed you were familiar with the travel policy.

See attachment – and should you have any questions, feel free to contact Rita Haywood – Travel Manager – 225-281-1829

v/Mary



Mary E. Dawson

FEMA

717-712-9790

mary.dawson@fema.dhs.gov

*Handwritten annotation at top:* Remand for Supplemental Investigation in EEO Complaint, FEMA did not respond and Civil Rights & Civil Liberties did not give immediate Final Agency Decision (FAD)

*Office for Civil Rights and Civil Liberties*
**U.S. Department of Homeland Security**
Washington, DC 20528

## Homeland Security

August 9, 2018

MEMORANDUM FOR:     James Montgomery
                              Acting Complaints Manager
                              Federal Emergency Management Agency
                              500 C Street SW – Fourth Floor, 4SW-0915
                              Washington, DC 20472-3505
                              *(Via Email)*

FROM:                       Catherine Wood *Catherine K. Wood*
                              Senior Analyst, EEO and Diversity Division
                              Office for Civil Rights and Civil Liberties

SUBJECT:                   Remand for Supplemental Investigation in the EEO Complaint of
                              Nina M. Coleman, HS-FEMA-27306-2016

Based on a review of the complaint file, this Office finds that a supplemental investigation is required because the subject case is not sufficiently complete to render a final decision. The record does not include adequate testimony and/or documentation necessary to make a determination regarding the issue(s).

In the subject complaint, Complainant alleged that she was discriminated against based on race (African American) and reprisal (filing the instant complaint) when:

1. On September 12, 2016, Complainant's supervisor instructed her to demobilize from Disaster (DR) 4277-LA (in Louisiana) before Complainant was scheduled to demobilize, while other staff members were allowed to remain or transfer to other positions.

2. On September 22, 2016, after Complainant filed her EEO complaint, the Chief of Staff sent Joint Field Office (JFO) security to Complainant's hotel room to conduct a wellness check, even though other individuals knew Complainant was healthy.

3. On September 26, 2016, management placed Complainant in non-deployment status for DR 4277-LA.

4. On October 25, 2016, management reprimanded Complainant for failure to follow instructions.

5. On January 27, 2017, management placed Complainant in non-deployment status for DR 4291-VA (in Virginia).

6. On February 13, 2017, management terminated Complainant's employment as a Disaster Survivor Assistance (DSA) Specialist.

7. On March 16, 2017, management denied Complainant an opportunity to appeal the termination her employment.

*Areas of Concern with the Investigative Record*

1. The incidents that management referenced as examples of Complainant's communication issues with co-workers – one of the reasons cited for declining to extend Complainant's deployment to DR 4277-LA, placing Complainant in non-deployment status in September 2016, and issuing Complainant an official reprimand in October 2016 – all involved a single co-worker: JFO Survivor Mobile Application Reporting Analyst (SMARA) Phyllis Umrani. (IF at 554, 567, 771, 867, 869). Complainant and her supervisor, Task Force Leader (TFL) Esther Herrera both asserted that they were harassed by JFO SMARA Umrani (IF at 212, 744); however, the EEO Investigator did not request any information regarding the respective or shared responsibility of Complainant and JFO SMARA for the alleged communication issues, the comparative treatment of Complainant and JFO SMARA in response to the communication issues, Complainant's and JFO SMARA's organizational relationship, or JFO SMARA's race and EEO history.

2. Branch Director (BD) Karen Mann stated that Complainant was not reallocated or offered another position when DR 4277-LA was "winding down" because BD Mann had received no communication from Complainant expressing an interest in "other options"; while TFL Herrera stated that other reservists were transferred to other positions, branches, and disasters without having volunteered to do so. (IF at 772, 834-35). Nevertheless, TFL Herrera provided no particulars regarding reservists who were allowed to transfer rather than demobilize, despite the EEO Investigator's request (IF at 834-35), and the EEO Investigator did not follow up to allow TFL Herrera to correct the omission.

3. The EEO Investigator requested "a workforce profile, annotated by race, showing those who were terminated from the DSA cadre from February 2015 through February 2017, inclusive of those whose appointments were not renewed upon expiration of their term" (IF at 1342); however, the record does not contain such a workforce profile or an explanation for its omission.

*Supplemental Investigation*

Based on the foregoing, a supplemental investigation is required to analyze these issues properly. Please obtain the following:

1. The organizational relationship of Complainant and JFO SMARA Umrani.

2. The race and EEO history of JFO SMARA Umrani.

3. Statements from BD Mann and Reservist Program Manager Racquel Mahone describing what, if any, action was taken regarding JFO SMARA Umrani's role in the alleged communication issues with Complainant, and explaining any difference in the treatment of Complainant and JFO SMARA Umrani.

4. A list of DSA Branch reservists deployed to DR 4277-LA, annotated by race and by status as to deployment extension, transfer, or termination at or near the end of the disaster mission.

5. A list of DSA Branch reservists deployed to DR 4291-VA, annotated by race and by status as to deployment extension, transfer, or termination at or near the end of the disaster mission.

The requested supplemental information is not to be construed as exclusive. Under the provisions of EEOC Regulations at Title 29, Code of Federal Regulations (C.F.R.) § 1614.108(b), the investigation must contain sufficient information to develop a complete, impartial, and appropriate factual record upon which to make findings on the accepted issues.

After the supplemental declarations and documents are compiled, the information that they contain must then be provided to Complainant, allowing Complainant the opportunity to submit a rebuttal. It is acceptable for summaries of declarations and documents to be submitted to Complainant for rebuttal purposes.

The supplemental investigation must be completed by September 14, 2018, and a copy of the supplemental investigative file must be provided to Complainant. Attempts at resolution may continue, should the parties wish to engage in administrative avenues of redress. In the event that resolution is reached, a copy of the settlement agreement must be uploaded to icomplaints and the point of contact listed below must be informed via email within five (5) calendar days.

## *Completion of the Investigation—FAD Request*

Upon completion of the supplemental investigation and issuance of the supplemental ROI to Complainant, FEMA shall notify this Office that the complaint is ready for adjudication and issuance of a Final Agency Decision (FAD). Because this complaint was previously at the EEOC hearing stage of the process—and the hearing request was withdrawn by Complainant or was otherwise dismissed with prejudice from the hearing process—Complainant is not entitled to a new election rights letter. Please electronically notify this Office (finalactions@hq.dhs.gov) that the supplemental investigative file and proof of transmission of the file to Complainant have been uploaded to the icomplaints database.

## *Request for Extension of Time to Complete Supplemental Investigation*

In the event that FEMA anticipates it will not be able to complete the supplemental investigation and provide the record to Complainant by the date identified above, FEMA may request an extension of time from Complainant. If the extension is approved, FEMA shall forward the

extension approval to this Office, via email (crcl.eeo@hq.dhs.gov and catherine.wood@hq.dhs.gov).

- If no extension is requested by FEMA and granted by Complainant, and the supplemental investigation timeframe expires without completion of the investigation, Complainant has the right to request an immediate FAD based on the evidence currently in the record.[1]

- Complainant's request for a FAD should be sent to this Office (crcl.eeo@hq.dhs.gov and catherine.wood@hq.dhs.gov) and to the Component EEO Office. Following receipt, this Office will provide further guidance to all parties.

If you have questions regarding this matter, please contact Catherine Wood, Senior Analyst, at catherine.wood@hq.dhs.gov.

By copy of this letter, Complainant is advised that this complaint is being remanded for a supplemental investigation as specified above.

cc:    Nina M. Coleman
       4525 Malden Ln.
       Dallas, TX 75216
       *(Via Email: ninacoleman7771@gmail.com)*

JHG

---

[1] This Office may draw an adverse inference that missing evidence would have reflected unfavorably on FEMA, or this Office may consider the matters to which the missing evidence pertains to be established in favor of Complainant, unless good cause exists not to do so.

4

*Apologize pastor was cutting off words in Portrait, could not correct it.* *In this email Branch Director states to continue traveling*

## Fwd: FW: 12-24-16 Travel Time (Mary apologized for assuming my trip took one day/work within guidance)

N Coleman <ninacoleman7771@gmail.com>
To: ninacoleman7771@gmail.com

---------- Forwarded message ----------
From: "Coleman, Nina" <Nina.Coleman@fema.dhs.gov>
Date: Feb 13, 2017 9:53 PM
Subject: FW: 12-24-16 Travel Time (Mary apologized for assuming my trip took one day)
To: "Skinner, Erik" <erik.skinner@fema.dhs.gov>
Cc:

When I checked out on Dec 22, I told Mary, Esther and Paula the DSA advisor I lived in Dallas and per Google said, I believe it was 21 hours that's without traffic and Esther nor Mary commented about Nina you aren't to travel on Saturday, Or they could have said wait and travel Monday, All Paula and Mary said it was along drive.

Nina M. Coleman, DHS-FEMA
Work Contact #: 347-635-0506

"We rise by lifting others"

Sent from my iFEMA mobile device.

**From:** Dawson, Mary
**Sent:** Saturday, December 24, 2016 6:49:27 AM
**To:** Coleman, Nina
**Cc:** Herrera, Esther; Haywood, Rita; Boyanowski, Nora
**Subject:** RE: Travel Time

Good morning Nina

For clarification on my part, I did know you were driving, but did not know all the details, and assumed it was a one day trip. Apologies for not being clear, as I should not have made any assumptions.

Whatever guidance is provided by HR, travel and finance is absolutely the right way to go. I agree, and that is why I conferred with Nora and Rita. Rita provided the attachment travel policy. I believe there is an exception for " reasonable accommodation".

I did provide guidance on Wednesday or Thursday checkout and travel in Thursday or Friday to everyone , as we generally do not travel on Saturday if you will accrue OT.

When I was checking time earlier this week and noticed that you entered hours for Saturday, I emailed you and asked if those hours were entered prior to knowing we were demobilizing and not working Saturday. You said that was the case, and would change the hours. Nina, you didn't say anything at that time about driving on Saturday.

Nina, I certainly want you to be paid for every hour you deserve, but at the same time, we need to work within the policy. If you learn that the recent guidance is inaccurate, please let me know, as I need to provide accurate and fair information to the field going forward, and would appreciate knowing.

Thank you
Mm art

Mary E. Dawson
FEMA
717-712-9790
mary.dawson@fema.dhs.gov

**From:** Coleman, Nina
**Sent:** Saturday, December 24, 2016 4:45:34 AM
**To:** Dawson, Mary
**Cc:** Herrera, Esther; Haywood, Rita; Boyanowski, Nora
**Subject:** RE: Travel Time

Ok will change Thursdays to 8 hours because I worked the morning before checking out and to my knowledge checking out is part of the work day.

I've been with FEMA 9 yrs and I have done my hours the same way, full day of work on check-out day and have applied all drive travel hours in webta and I have driven since 2013 to every deployment **without** issues; no one has said different and all were paid: drive back home from CO 2013 and to and from: MS 2014, 2015: OK, KY and SC and 2016: MO, MS, TX, LA, GA and to VA each time placed on Webta without any issues.

I normally try to drive straight but heard in Texas FEMA policy wants you off the road when dark and there's not anyway you are able to drive 21 hours or more in daylight.

I also replied to an email you sent out asking if we were flying or driving, I replied Corinne is flying and I am driving that I have driven since 2013. Esther also knows I have not flown in yrs.

I will speak with Nora later, I have always vouchered the same since driving and it was a travel person that told me when driving get a one way rental for 3 days because you are driving. Of course turn rental as soon as you arrive but you give yourself a day in case something happens, and vouchers have all been paid without question. Therefore this trip should not be any different, when I advised of the hours I **had to** drive home in DSA office as well validating my time sheet was part of my admin work before getting to JFO because Nora sent out an email to do so and my hours as well as comments were on the time **sheet.** We could go and look at all previous WebTA's for confirmation. I haven't done anything different. Also when flying you have delays and I have turned in hours over portal to portal if had delays, so if layovers **are** paid why wouldn't drive time be paid.

Nina M Coleman
Disaster Survivor Assistance Cadre

DSA Specialist | SMART Mobile Application and Reports Analyst | Coach Evaluator

Business: 347-635-0506

Sent from my iFEMA mobile device.

---

**From:** Dawson, Mary
**Sent:** Friday, December 23, 2016 11:38:14 AM
**To:** Coleman, Nina
**Cc:** Herrera, Esther; Haywood, Rita; Boyanowski, Nora
**Subject:** Travel Time

Nina – Please review your time and make necessary changes.

- Checkout day Thursday, December 22 – should not reflect an 8.5 hour day

- Friday December 23rd – only claim the time it would take you to "fly" portal to portal from Norfolk to Dallas.

- Saturday December 24th – No hours should be claimed

I apologize for not explaining this prior to your departure, as I was not aware you were driving until you checked out, and I assumed you were familiar with the travel policy.

See attachment – and should you have any questions, feel free to contact Rita Haywood – Travel Manager – 225-281-1829



v/Mary

Mary E. Dawson
FEMA
717-712-9790

File   Edit   View   Favorites   Tools   Help

https://wtdcholstt.usda.gov/webta/servlet/ct   Intranet   webTA-T&A Data Summar...
Intranet (2)   Intranet (3)   Intranet

Help   Logout

webTA_3.8.3G

| | |
|---|---|
| Name: | NINA COLEMAN | Pay Period: | 25 : Dec 11, 2016 to Dec 24, 2016 |
| Time Card Type: | Regular | Leave Year: | 2016 |
| Status: | Validated | | |
| Time in Pay: 109:00 | | Other Time: 0:00 | | Dollar Transactions: $0.00 | Days in Pay: 12 |

**Work Time**

| Transaction | PN SN Account | 11 | 12 | 13 | 14 | 15 | 16 | 17 | | 18 | 19 | 20 | 21 | 22 | 23 | 24 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | S | M | T | W | T | F | S | WK 1 | S | M | T | W | T | F | S | WK 2 Total |
| Regular Base Pay | 04-4281DR90-34D | 0 | 8:30 | 0:30 | 0:30 | 0:30 | 8:30 | 0 | 40 | 0 | 8:30 | 0:30 | 8:30 | 8:30 | 8:30 | 0 | 40 | 80 |
| Over 40 Overtime | DR 4291 VA | | 0:30 | 0:30 | 0:30 | 0:30 | 8:30 | | 11 | | 0:30 | 0:30 | 0:30 | 0:30 | 4 | 12 | 18 | 29 |
| Work Time Total | | 8:30 | 8:30 | 8:30 | 8:30 | 8:30 | 8:30 | | 51 | | 8:30 | 0:30 | 8:30 | 8:30 | 12 | 12 | 58 | 109 |

**Leave and Other Time**

| Daily Total | 8:30 | 8:30 | 8:30 | 8:30 | 8:30 | 8:30 | | 51 | | 8:30 | 8:30 | 8:30 | 8:30 | 12 | 12 | 58 | 109 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

(No Leave and Other Time transactions)

**Remarks**

12/23   12/24 estimated travel time.

**TA&A Profile**

| Pay Plan | IM [Incident Management - Reservist] |
|---|---|
| Tour of Duty | Intermittent Special |
| Duty Hours | 0 |
| Work Week | |
| Alternative Schedule | None |
| Agency | FEMA |
| State | DC |
| Town | 0010 |
| Unit | 72 |
| Timekeeper | 30 |
| Return Data | None |
| Account Data Code | Manual Entry |
| Service Computation Date | Oct 06, 2013 |
| Annual Leave Category | 0 hr 80 |
| Personal Leave Ceiling | 240:00 |

**Leave Data**

| | Fwd | Accr | Avail | Used | Bal |
|---|---|---|---|---|---|
| Annual | - | - | - | - | - |
| Annual Unapplied | - | - | - | - | - |
| Sick | 156:30 | 4:00 | 160:30 | - | 160:30 |
| Sick Unapplied | 7:45 | | | | 7:45 |

**Leave Year Projection**

| Maximum Available Annual | - |
|---|---|
| Maximum Available Sick | 160:30 |
| Use or Lose Leave | - |

*Here the attorney on the disaster said use as a teachable moment, did not warrent termination and if I was doing something wrong + should have been advised and allowed time to correct it.*

**Kinney, Morgan**

---

| | |
|---|---|
| **From:** | Little III, Robert |
| **Sent:** | Tuesday, December 27, 2016 10:33 AM |
| **To:** | Dawson, Mary |
| **Subject:** | RE: Voucher returned - Nina Coleman |

I know you talked to Kerry about not going any further with it, but if you want to hold it or share it with the cadre that's fine.

Robert Little
DFCO
DR 4291 VA
202-704-8181

**From:** Dawson, Mary
**Sent:** Tuesday, December 27, 2016 10:32 AM
**To:** Little III, Robert <robert.little3@fema.dhs.gov>
**Subject:** RE: Voucher returned - Nina Coleman

Bob
Am I sending this to Nina?

**From:** Little III, Robert
**Sent:** Tuesday, December 27, 2016 10:11 AM
**To:** Dawson, Mary <Mary.Dawson@fema.dhs.gov>
**Cc:** Roberts, Bruce <Bruce.Roberts@fema.dhs.gov>; Nguyen, Tam <Tam.Nguyen@fema.dhs.gov>; Johnson, Robert <robert.l.johnson@fema.dhs.gov>; Holmes, Kerry <Kerry.Holmes@fema.dhs.gov>
**Subject:** RE: Voucher returned - Nina Coleman

Mary,

As I review the comments made by Ms. Coleman, Esther, and you related to her travel from DR-4291-VA, I feel that it is incumbent upon leadership to use this as a teaching moment, since (in her own words) Ms. Coleman has completed vouchers the same way for quite some time and we see discrepancies with travel policy in her latest attempt. Another aspect of this is the lack of prior communication to leadership at the disaster on the plan to travel for two days, since her demobilization date would have been adjusted to avoid inconveniencing her on a weekend. I feel that, as good stewards of the taxpayers' money, it would be a positive step for us to have Biloxi review this, and all previous, vouchers submitted by Ms. Coleman to provide her with the education and tools necessary to submit only eligible expenses for reimbursement moving forward.

Thank you for your service.

Robert Little
DFCO
DR 4291 VA
202-704-8181

1

Nina Coleman - AFPD - 000055

**From:** Dawson, Mary
**Sent:** Tuesday, December 27, 2016 9:38 AM
**To:** Little III, Robert <robert.little3@fema.dhs.gov>; Johnson, Robert <robert.l.johnson@fema.dhs.gov>; Holmes, Kerry <Kerry.Holmes@fema.dhs.gov>
**Cc:** Roberts, Bruce <Bruce.Roberts@fema.dhs.gov>; Nguyen, Tam <Tam.Nguyen@fema.dhs.gov>; Haywood, Rita <Rita.Haywood@fema.dhs.gov>
**Subject:** FW: Voucher returned - Nina Coleman


**From:** Herrera, Esther
**Sent:** Tuesday, December 27, 2016 9:36 AM
**To:** Dawson, Mary <Mary.Dawson@fema.dhs.gov>
**Subject:** FW: Voucher returned

SA

**From:** Coleman, Nina
**Sent:** Tuesday, December 27, 2016 9:35 AM
**To:** Herrera, Esther <Esther.Herrera@fema.dhs.gov>
**Subject:** RE: Voucher returned

Esther I have done my vouchers like this before without questions I do not want any issues. I did not travel 3 days I returned car that day. There are not any mi&e's on Friday and Sat. I also do not need an RA for my return travel have never before and do no need now.

I will have to go to legal I feel you all are discriminating and picking on me; no one has has been harassed over there voucher and I have done my voucher the same when I left SC. I will contact Biloxi it has never been an issue. Then contact you back. Thanks


Nina M Coleman
Disaster Survivor Assistance Cadre

DSA Specialist | SMART Mobile Application and Reports Analyst | Coach Evaluator

Business:  347-635-0506

Sent from my iFEMA mobile device.


**From:** Herrera, Esther
**Sent:** Tuesday, December 27, 2016 8:37:58 AM
**To:** Coleman, Nina
**Subject:** Voucher returned

Nina,
Sent your voucher back.. errors on it.. If you traveled on Sunday, (3 days of travel) please explain delay

11/23/16 per-diem ok need to add Duty station with RA# (reasonable Accommodation #)in comments.

Nina Coleman - AFPD - 000056

11/24/16 error on per-diem should be 3/4 = 44.25.
Travel on Sunday ??  per diem for three days????

Respectfully
Esther Herrera
Disaster Survivor Assistance
225-573-6897
Esther.Herrera@fema.dhs.gov

Nina Coleman - AFPD - 000057

*I asked another Branch Director about getting prior approval to drive home because in my 16 deployments before this one I didn't task but when checked out gave my cost comparison to BD for signature.*

**Kinney, Morgan**

*This disaster was a setup by DSA managers and Mary Dawson worked with them*

| | |
|---|---|
| **From:** | Gibbons, Julius |
| **Sent:** | Friday, December 9, 2016 11:45 AM |
| **To:** | Coleman, Nina |
| **Subject:** | RE: Cost Comparison |

The requirement for doing a "Cost Comparison" has always been in effect, but not all the time enforced. I submitted "Cost Comparison" when I drove from Atlanta to North Carolina, and when I drove from North Carolina to Orlando. You know as well as I do that the point is to ensure that the price for the airline flight is more than any other mode of transportation we choose.

Peace,
Julius Gibbons
DSA Branch Director
N-IMAT East-1
13992 Park Center Rd|Herndon, VA 20171
Desk: 2022125026
Cell: 2028056325
julius.gibbons@fema.dhs.gov

"One team, One mission, One FEMA"

**From:** Coleman, Nina
**Sent:** Friday, December 09, 2016 11:15 AM
**To:** Gibbons, Julius <Julius.Gibbons@fema.dhs.gov>
**Subject:** FW: Cost Comparison

When have they started us having to get approval to travel via car?

Nina M Coleman
Disaster Survivor Assistance Cadre

DSA Specialist | SMART Mobile Application and Reports Analyst | Coach Evaluator

Business: 347-635-0506

Sent from my iFEMA mobile device.

**From:** Dawson, Mary
**Sent:** Friday, December 09, 2016 10:39:04 AM
**To:** Anderson, Alan; Artzner, Deborah; Beltran, Elimar; Bob Beatty; Browder, Veronica; Chukayne, James; Coleman, Nina; Cooper, Susanne; Dolstad, Karin; Ferraro, Mark; Hernandez, Juan; Herrera, Esther; Joe Gillette; Kiflai, Vivian; Kimler, Kay; Kosier, Sheila; Leon, Johnny; Leone, Richard; Mandel, David; Mcbane, Robert; McClurkin, Alexandria; Miller, Juanita; Mojica, Paula; Okai, Anna; Peach, Ernest; Reeves, Princess; Stillwagon, Redora; Turner, Corinne; Wills, Samuel; Yee, Linda
**Subject:** Cost Comparison

Nina Coleman - AFPD - 000069

Anyone planning on traveling by any other mode of transportation – other than air, is required:

- Have prior approval from the Branch Director
- Obtain a quote from NT for the cost of a one-way airfare (they will email that to you) – if over 300 miles
- Complete this cost comparison form and email it to me for signature – if over 300 miles

Keep this form for future use

Nina Coleman - AFPD - 000070

**From:** Holmes, Kerry
**Sent:** Thursday, December 29, 2016 2:05:04 PM
**To:** Coleman, Nina
**Cc:** Herrera, Esther; Nguyen, Tam; Dawson, Mary; Johnson, Robert; Haywood, Rita
**Subject:** 4291DR Voucher

Nina,

As Esther and Mary are demobing tomorrow, please list me as the supervisor for your voucher in Concur.

Thanks,

*Kerry M. Holmes*

Operations Section Chief
FEMA-4291DR-VA
Mobile: (215) 275.0884

4

Nina Coleman - AFPD - 000068

These are documents the Employee Labor Relations said they used to terminate me they selected one from Dawson that said to complete travel by Dec 23rd, 2016. However other documents show I completed a cost comparison, had appov approval to travel by car and never said I had an RA# but Mahone put on termination I didn't follow FEMA's travel policy.

--------- Forwarded message ---------
From: "Silva, Patricia" <patricia.silva@fema.dhs.gov>
To: "Veltri, Margaretta" <margaretta.veltri@fema.dhs.gov>
Cc:
Bcc:
Date: Tue, 17 Jan 2017 18:43:53 +0000
Subject: FW: Nina Coleman
Here you go... and thank you!!

Patricia Silva
Employee/Labor Relations Specialist
Office of the Chief Component Human Capital Officer (OCCHCO)| FEMA|DHS
500 C. Street SW/Washington, DC, 7th Floor
Email: patricia.silva@fema.dhs.gov
Office: 202. 212. 5238
Mobile: 202.368.7217

**From:** Mahone, Racquel
**Sent:** Tuesday, January 17, 2017 8:41 AM
**To:** Silva, Patricia <patricia.silva@fema.dhs.gov>; Candelas, Nacheli <Nacheli.Candelas@fema.dhs.gov>
**Subject:** Nina Coleman

Good morning Ladies,

I received the attached messages from Branch Director Mary Dawson, concerning Nina Coleman's last deployment. You will see in the emails that she references a RA#, that we later found out was a temporary RA, which means, she really had not authorization to drive, as her driving was based on a RA. Also, as you will see, the tone of her emails don't seem professional to me, but that is another point. I received a request for concurrence for transfer to another Cadre, which I am not sure to handle that. We recently reprimanded Ms. Coleman and placed the letter in her OPF. Can you please give me some guidance on how we should proceed. I was planning on speaking to her about travel policy and the fact that the FCO did not want anyone traveling on Saturday, but once I saw all the emails, I felt it was best to reach out to you first. Thank you in advance for any guidance you can provide.

**Very Respectfully,**

**Racquel "Roxxi" Mahone**
**DSA Reservist Program Manager**
**Cadre Management**
**Disaster Survivor Assistance**
**Recovery Directorate/DHS/FEMA**
**202-212-5900**
"The strength of the team is each individual member. The strength of each member is the team." — Phil Jackson

DSA Cadre Management contact: FEMA-DSA-RSV@fema.dhs.gov or 202-212-5900
Deployment Tracking System (DTS) Responder: https://www.femaresponder.net/Account/Login
WebTA: https://wta.hs.nfc.usda.gov/webta/servlet/com.threeis.webta.H000welcome
Enterprise Service Desk (ESD): HLPFEMAFEMA-Enterprise-Service-Desk@fema.dhs.gov or 888-457-3362
Salary/Pay disputes: FEMA-HC-FieldOpsSupport@fema.dhs.gov
Reservist Benefits: FEMA-HC-Reservists-Benefits@fema.dhs.gov
Travel Cards: http://on.fema.net/components/ocfo/fmd/Pages/FEMATravelChargeCard.aspx

**1 | P a g e** Emails Employee Labor Relations sent to me, stating termination was based on these emails. Ms. Dawson sent to Ms. Mahone, Ms. Mahone did not send emails to Employee Labor Relations until received concurrence on Jan 17, 2017, if felt non-compliant emails should have been sent to ELR immediately as stated in FEMA reservist Manual. Note: Ms. Dawson never counseled me like the others.

My friend Alex McClurkin did not leave until Dec 24, 2016 and was not reprimanded or trminated and nor receive a verbal warning.

From: "Dawson, Mary" <Mary.Dawson@fema.dhs.gov>
To: "Mahone, Racquel" <Racquel.Mahone@fema.dhs.gov>
Cc: "Benson, Shannon" <Shannon.Benson@fema.dhs.gov>
Bcc:
Date: Thu, 5 Jan 2017 13:47:55 +0000
Subject: N. Coleman - 8
Who is who on the email chain


Bob Little DFCO
Bruce Roberts Legal, I added Bruce to the email because of what Nina wrote on December 25th at 11:17am.
*(Morning all, even though I know it's illegal to flex time, I have changed my hours so there is not any issues with my travel on Saturday)*
Bob Johnson COS
Tam Nguyen ERA
Kerry Holmes OSC

Roxxi
I am off to help out Lori, so I probably won't check my email until later tonight. If you need clarification, you can always call me. Thank you again for your help1
Mary


**From:** Dawson, Mary
**Sent:** Tuesday, December 27, 2016 10:32 AM
**To:** Little III, Robert <robert.little3@fema.dhs.gov>
**Subject:** RE: Voucher returned - Nina Coleman

Bob
Am I sending this to Nina?


**From:** Little III, Robert
**Sent:** Tuesday, December 27, 2016 10:11 AM
**To:** Dawson, Mary <Mary.Dawson@fema.dhs.gov>
**Cc:** Roberts, Bruce <Bruce.Roberts@fema.dhs.gov>; Nguyen, Tam <Tam.Nguyen@fema.dhs.gov>; Johnson, Robert <robert.l.johnson@fema.dhs.gov>; Holmes, Kerry <Kerry.Holmes@fema.dhs.gov>
**Subject:** RE: Voucher returned - Nina Coleman

Mary,

As I review the comments made by Ms. Coleman, Esther, and you related to her travel from DR-4291-VA, I feel that it is incumbent upon leadership to use this as a teaching moment, since (in her own words) Ms. Coleman has completed vouchers the same way for quite some time and we see discrepancies with travel policy in her latest attempt. Another aspect of this is the lack of prior communication to leadership at the disaster on the plan to travel for two days, since her demobilization date would have been adjusted to avoid inconveniencing her on a weekend. I feel that, as good stewards of the taxpayers' money, it would be a positive step for us to have Biloxi review this, and all previous, vouchers submitted by Ms. Coleman to provide her with the education and tools necessary to submit only eligible expenses for reimbursement moving forward.

**2 | Page** Emails Employee Labor Relations sent to me, stating termination was based on these emails. Ms. Dawson sent to Ms. Mahone, Ms. Mahone did not send emails to Employee Labor Relations until received concurrence on Jan 17, 2017, if felt non-compliant emails should have been sent to ELR immediately as stated in FEMA reservist Manual. Note: Ms. Dawson never counseled me like the others.

Thank you for your service.

Robert Little
DFCO
DR 4291 VA
202-704-8181

**From:** Dawson, Mary
**Sent:** Tuesday, December 27, 2016 9:38 AM
**To:** Little III, Robert <robert.little3@fema.dhs.gov>; Johnson, Robert <robert.l.johnson@fema.dhs.gov>; Holmes, Kerry <Kerry.Holmes@fema.dhs.gov>
**Cc:** Roberts, Bruce <Bruce.Roberts@fema.dhs.gov>; Nguyen, Tam <Tam.Nguyen@fema.dhs.gov>; Haywood, Rita <Rita.Haywood@fema.dhs.gov>
**Subject:** FW: Voucher returned - Nina Coleman


**From:** Herrera, Esther
**Sent:** Tuesday, December 27, 2016 9:36 AM
**To:** Dawson, Mary <Mary.Dawson@fema.dhs.gov>
**Subject:** FW: Voucher returned

SA

**From:** Coleman, Nina
**Sent:** Tuesday, December 27, 2016 9:35 AM
**To:** Herrera, Esther <Esther.Herrera@fema.dhs.gov>
**Subject:** RE: Voucher returned

Esther I have done my vouchers like this before without questions I do not want any issues. I did not travel 3 days I returned car that day. There are not any mi&e's on Friday and Sat. I also do not need an RA for my return travel have never before and do no need now.

I will have to go to legal I feel you all are discriminating and picking on me; no one has has been harassed over there voucher and I have done my voucher the same when I left SC. I will contact Biloxi it has never been an issue. Then contact you back. Thanks

Nina M Coleman
Disaster Survivor Assistance Cadre

DSA Specialist | SMART Mobile Application and Reports Analyst | Coach Evaluator

Business: 347-635-0506

Sent from my iFEMA mobile device.

**From:** Herrera, Esther
**Sent:** Tuesday, December 27, 2016 8:37:58 AM
**To:** Coleman, Nina
**Subject:** Voucher returned

3 | Page Emails Employee Labor Relations sent to me, stating termination was based on these emails. Ms. Dawson sent to Ms. Mahone, Ms. Mahone did not send emails to Employee Labor Relations until received concurrence on Jan 17, 2017, if felt non-compliant emails should have been sent to ELR immediately as stated in FEMA reservist Manual. Note: Ms. Dawson never counseled me like the others.

Nina,
Sent your voucher back.. errors on it.. If you traveled on Sunday, (3 days of travel) please explain delay

11/23/16 per-diem ok need to add Duty station with RA# (reasonable Accommodation #)in comments.
11/24/16 error on per-diem should be 3/4 = 44.25.
Travel on Sunday ??  per diem for three days????

Respectfully
Esther Herrera
Disaster Survivor Assistance
225-573-6897
Esther.Herrera@fema.dhs.gov


---------- Forwarded message ----------
From: "Dawson, Mary" <Mary.Dawson@fema.dhs.gov>
To: "Mahone, Racquel" <Racquel.Mahone@fema.dhs.gov>
Cc: "Benson, Shannon" <Shannon.Benson@fema.dhs.gov>
Bcc:
Date: Thu, 5 Jan 2017 13:30:22 +0000
Subject: N. Coleman - 7
This email is "Out of sequence" – and it is simply a "Screen shot" I sent to myself to show that Nina did adjust her timesheet.

**From:** Dawson, Mary
**Sent:** Sunday, December 25, 2016 2:30 PM
**To:** Dawson, Mary <Mary.Dawson@fema.dhs.gov>
**Subject:** N. Coleman Time

Mary E. Dawson
FEMA
717-712-9790
mary.dawson@fema.dhs.gov



---------- Forwarded message ----------
From: "Dawson, Mary" <Mary.Dawson@fema.dhs.gov>
To: "Mahone, Racquel" <Racquel.Mahone@fema.dhs.gov>
Cc: "Benson, Shannon" <Shannon.Benson@fema.dhs.gov>
Bcc:
Date: Thu, 5 Jan 2017 13:24:27 +0000
Subject: N. Coleman -6


**From:** Dawson, Mary
**Sent:** Tuesday, December 27, 2016 10:30 AM
**To:** Mahone, Racquel <Racquel.Mahone@fema.dhs.gov>
**Cc:** Benson, Shannon <Shannon.Benson@fema.dhs.gov>; Nguyen, Tam <Tam.Nguyen@fema.dhs.gov>
**Subject:** FW: Travel - Time N. Coleman

**4 | Page** Emails Employee Labor Relations sent to me, stating termination was based on these emails. Ms. Dawson sent to Ms. Mahone, Ms. Mahone did not send emails to Employee Labor Relations until received concurrence on Jan 17, 2017, if felt non-compliant emails should have been sent to ELR immediately as stated in FEMA reservist Manual. Note: Ms. Dawson never counseled me like the others.

Roxxi
Tam Nguyen (ERO) Virginia suggested I contact cadre to verify Nina Coleman's reasonable accommodation. Can you verify that Ms. Coleman has a RA on file with ERO?
v/Mary

████████████████████
████████████████████

**To:** Haywood, Rita <Rita.Haywood@fema.dhs.gov>; Dawson, Mary <Mary.Dawson@fema.dhs.gov>; Little III, Robert <robert.little3@fema.dhs.gov>; Roberts, Bruce <Bruce.Roberts@fema.dhs.gov>; Johnson, Robert <robert.l.johnson@fema.dhs.gov>
**Cc:** Holmes, Kerry <Kerry.Holmes@fema.dhs.gov>; Herrera, Esther <Esther.Herrera@fema.dhs.gov>; Boyanowski, Nora <Nora.Boyanowski@fema.dhs.gov>; Nguyen, Tam <Tam.Nguyen@fema.dhs.gov>
**Subject:** RE: Travel - Time N. Coleman

███████████████████████████████████████████████████████████

Nina M Coleman
Disaster Survivor Assistance Cadre
DSA Specialist | SMART Mobile Application and Reports Analyst  | Coach Evaluator
Business: 347-635-0506

Sent from my iFEMA mobile device.

**From:** Haywood, Rita
**Sent:** Tuesday, December 27, 2016 10:03:44 AM
**To:** Dawson, Mary; Little III, Robert; Roberts, Bruce; Johnson, Robert; Coleman, Nina
**Cc:** Holmes, Kerry; Herrera, Esther; Boyanowski, Nora; Nguyen, Tam
**Subject:** RE: Travel - Time N. Coleman

Good Morning Coleman,

No one is harassing you but your RA# needs to be notated on your voucher.  That number ensures that all the correct policies are followed for you to receive your  proper reimbursement.

████████████████████████████████████████████████████████
████████████████████████████

Please contact me so that I may assist you in correcting your voucher.

**Hours for the time period of  12/27/2016 to 1/6/2017**

**Tuesday thru Friday 8 am to 3:45 pm**

**Saturday thru Monday OFFICIALLY OFF; Unless emergency situation arises.**

**HAVE A HAPPY SAFE AND  QUIET NEW YEAR**

**5 |** Page Emails Employee Labor Relations sent to me, stating termination was based on these emails. Ms. Dawson sent to Ms. Mahone, Ms. Mahone did not send emails to Employee Labor Relations until received concurrence on Jan 17, 2017, if felt non-compliant emails should have been sent to ELR immediately as stated in FEMA reservist Manual. Note: Ms. Dawson never counseled me like the others.

Rita Haywood, Travel Manager
Supporting DR-4291 VA
rita.haywood@fema.dhs.gov
FEMA BB# 225-281-1829


**From:** Dawson, Mary
**Sent:** Tuesday, December 27, 2016 9:56 AM
**To:** Little III, Robert <robert.little3@fema.dhs.gov>; Roberts, Bruce <Bruce.Roberts@fema.dhs.gov>; Johnson, Robert <robert.l.johnson@fema.dhs.gov>
**Cc:** Holmes, Kerry <Kerry.Holmes@fema.dhs.gov>; Herrera, Esther <Esther.Herrera@fema.dhs.gov>; Haywood, Rita <Rita.Haywood@fema.dhs.gov>; Boyanowski, Nora <Nora.Boyanowski@fema.dhs.gov>; Nguyen, Tam <Tam.Nguyen@fema.dhs.gov>
**Subject:** FW: Travel - Time N. Coleman

FYSA


**From:** Coleman, Nina
**Sent:** Tuesday, December 27, 2016 9:47 AM
**To:** Dawson, Mary <Mary.Dawson@fema.dhs.gov>
**Cc:** Herrera, Esther <Esther.Herrera@fema.dhs.gov>; Holmes, Kerry <Kerry.Holmes@fema.dhs.gov>; Boyanowski, Nora <Nora.Boyanowski@fema.dhs.gov>
**Subject:** RE: Travel - Time N. Coleman

Mary I am tired, home and I am not going to continue to be harassed and bullied over my hours nor travel. I have never needed an RA to travel before now and I have traveled for three years by car. I would think my RA is in my file, Esther also knew, because she knew I had back issues and when I arrived here I told her I am not left so many pounds, sit or walk for so long. I I also told my Crew Lead and he said it was fine.



Nina M Coleman
Disaster Survivor Assistance Cadre
DSA Specialist | SMART Mobile Application and Reports Analyst | Coach Evaluator
Business: 347-635-0506

Sent from my iFEMA mobile device.


**From:** Dawson, Mary
**Sent:** Tuesday, December 27, 2016 7:44:11 AM
**To:** Coleman, Nina
**Cc:** Herrera, Esther; Holmes, Kerry; Boyanowski, Nora
**Subject:** FW: Travel - Time N. Coleman

Nina

**6 |** P a g e  E m a i l s  E m p l o y e e  L a b o r  R e l a t i o n s  sent to me, stating termination
was based on these emails. Ms. Dawson sent to Ms. Mahone, Ms. Mahone
did not send emails to Employee Labor Relations until received
concurrence on Jan 17, 2017, if felt non-compliant emails should have
been sent to ELR immediately as stated in FEMA reservist Manual. Note:
Ms. Dawson never counseled me like the others.

Once I learned of your "reasonable accommodation" (RA) I did not instruct you to change your time sheet, to reduce your hours. Having a 'reasonable accommodation" will allow you to be paid for your travel time home. I will certify the hours you enter, and is we miss the "cut off" you will be allowed to submit an amended timesheet. Let me know when you have completed your time sheet please, so we can get it certified.

What I find very unfortunate, is that you did not communicate to me, HR or to travel, that you had a RA; (perhaps because the RA is fairly new and did not know to do so) While the RA does allow for certain accommodations for travel, it does not permit you to travel on days outside of the travel guidance I provided.(days that would require additional OT in a 40 hour work week). Unless there were some additional extenuating circumstances. I will not speculate on why this is the first deployment you have encountered Saturday as a "non-travel" day.

What I will say is that, I clearly provided the travel guidance for this deployment, and everyone was given the same guidance; on when to checkout and travel ( See first email below – yellow)

Also, I do not understand why you chose to "work" on your checkout day, when I clearly stated that your last day would consist solely of training and checkout, and I had already sent the *final* DSR out on Wednesday evening. You could have been driving home on Thursday. (see yellow – second email)

Additionally, when I wrote directly to the staff asking for checkout dates, you responded to Esther (who was a cc on my email) instead of to me, and even failed to copy me on the email that I originated. Fortunately, Esther did forward the email to me.

It is unfortunate there was a communication breakdown between us, and I am willing to take partial responsibility if there is any additional guidance, or explanation I failed to provide. I believe we all could use more training and guidance on the "ins and outs" of travel, admin, concur – so I will let cadre know of the challenges we had on this deployment, and perhaps training will result.

v/Mary


**From:** Coleman, Nina
**Sent:** Tuesday, December 13, 2016 9:48 AM
**To:** Dawson, Mary <Mary.Dawson@fema.dhs.gov>; Herrera, Esther <Esther.Herrera@fema.dhs.gov>
**Subject:** RE: Crew demob plans week of 12/18-12/24

Corinne flying, I always drive been driving since 2013 which was the last time I flew to a deployment.


Nina M Coleman
Disaster Survivor Assistance Cadre

DSA Specialist | SMART Mobile Application and Reports Analyst | Coach Evaluator

Business: 347-635-0506

Sent from my iFEMA mobile device.

---

**7 | Page** Emails Employee Labor Relations sent to me, stating termination was based on these emails. Ms. Dawson sent to Ms. Mahone, Ms. Mahone did not send emails to Employee Labor Relations until received concurrence on Jan 17, 2017, if felt non-compliant emails should have been sent to ELR immediately as stated in FEMA reservist Manual. Note: Ms. Dawson never counseled me like the others.

**From:** Dawson, Mary
**Sent:** Tuesday, December 13, 2016 9:43:26 AM
**To:** Herrera, Esther
**Cc:** Coleman, Nina
**Subject:** RE: Crew demo plans week of 12/18-12/24

Thank you….and mode of transportation? Fly?

**From:** Herrera, Esther
**Sent:** Tuesday, December 13, 2016 9:33 AM
**To:** Dawson, Mary <Mary.Dawson@fema.dhs.gov>
**Cc:** Coleman, Nina <Nina.Coleman@fema.dhs.gov>
**Subject:** FW: Crew demo plans week of 12/18-12/24

Nina and Corrine check out day will be the 22nd and travel the 23rd. as per below email.
Esther

**From:** Coleman, Nina
**Sent:** Tuesday, December 13, 2016 6:47 AM
**To:** Herrera, Esther <Esther.Herrera@fema.dhs.gov>
**Subject:** Crew demo plans week of 12/18-12/24

Corinne and myself plan to check out 12/22 and travel 12/23.

Nina M. Coleman, DHS-FEMA
DR-4291-VA
Crew Lead #6

DSA - Disaster Survivor Assistance
Specialist, Coach Evaluator &
SMART Mobile Application Reports Analyst

FEMA Contact #: 347-635-0506
Sent from my iFEMA mobile device.


--------- Forwarded message ---------
**From:** "Dawson, Mary" <Mary.Dawson@fema.dhs.gov>
**To:** "Mahone, Racquel" <Racquel.Mahone@fema.dhs.gov>
**Cc:** "Benson, Shannon" <Shannon.Benson@fema.dhs.gov>
**Bcc:**
**Date:** Thu, 5 Jan 2017 13:23:53 +0000
**Subject:** N. Coleman - 5


**From:** Dawson, Mary
**Sent:** Tuesday, December 27, 2016 9:56 AM
**To:** Little III, Robert <robert.little3@fema.dhs.gov>; Roberts, Bruce <Bruce.Roberts@fema.dhs.gov>; Johnson, Robert <robert.l.johnson@fema.dhs.gov>

**8 |** P a g e Emails Employee Labor Relations sent to me, stating termination was based on these emails. Ms. Dawson sent to Ms. Mahone, Ms. Mahone did not send emails to Employee Labor Relations until received concurrence on Jan 17, 2017, if felt non-compliant emails should have been sent to ELR immediately as stated in FEMA reservist Manual. Note: Ms. Dawson never counseled me like the others.

FYSA

**From:** Coleman, Nina
**Sent:** Tuesday, December 27, 2016 9:47 AM
**To:** Dawson, Mary <Mary.Dawson@fema.dhs.gov>
**Cc:** Herrera, Esther <Esther.Herrera@fema.dhs.gov>; Holmes, Kerry <Kerry.Holmes@fema.dhs.gov>; Boyanowski, Nora <Nora.Boyanowski@fema.dhs.gov>
**Subject:** RE: Travel - Time N. Coleman

Mary I am tired, home and I am not going to continue to be harassed and bullied over my hours nor travel. I have never needed an RA to travel before now and I have traveled for three years by car. I would think my RA is in my file, Esther also knew, because she knew I had back issues and when I arrived here I told her I am not left so many pounds, sit or walk for so long. I I also told my Crew Lead and he said it was fine.

I do not feel an RA# has nothing to do with traveling, we have right to travel by car with or without an RA. I will seek guidances from others and contact you guys back. I feel this is harassment.

Nina M Coleman
Disaster Survivor Assistance Cadre
DSA Specialist | SMART Mobile Application and Reports Analyst | Coach Evaluator
Business: 347-635-0506

Sent from my iFEMA mobile device.

**From:** Dawson, Mary
**Sent:** Tuesday, December 27, 2016 7:44:11 AM
**To:** Coleman, Nina
**Cc:** Herrera, Esther; Holmes, Kerry; Boyanowski, Nora
**Subject:** FW: Travel - Time N. Coleman

Nina

**Once I learned of your "reasonable accommodation" (RA) I did not instruct you to change your time sheet, to reduce your hours. Having a 'reasonable accommodation" will allow you to be paid for your travel time home. I will certify the hours you enter, and is we miss the "cut off" you will be allowed to submit an amended timesheet. Let me know when you have completed your time sheet please, so we can get it certified.**

What I find very unfortunate, is that you did not communicate to me, HR or to travel, that you had a RA; (perhaps because the RA is fairly new and did not know to do so) While the RA does allow for certain accommodations for travel, it does not permit you to travel on days outside of the travel guidance I provided.(days that would require additional OT in a 40 hour work week). Unless there were some additional extenuating circumstances. I will not speculate on why this is the first deployment you have encountered Saturday as a "non-travel" day.

**9 | Page Emails Employee Labor Relations sent to me, stating termination was based on these emails. Ms. Dawson sent to Ms. Mahone, Ms. Mahone did not send emails to Employee Labor Relations until received concurrence on Jan 17, 2017, if felt non-compliant emails should have been sent to ELR immediately as stated in FEMA reservist Manual. Note: Ms. Dawson never counseled me like the others.**

What I will say is that, I clearly provided the travel guidance for this deployment, and everyone was given the same guidance; on when to checkout and travel ( See first email below – yellow)

Also, I do not understand why you chose to "work" on your checkout day, when I clearly stated that your last day would consist solely of training and checkout, and I had already sent the **final** DSR out on Wednesday evening. You could have been driving home on Thursday. (see yellow – second email)

Additionally, when I wrote directly to the staff asking for checkout dates, you responded to Esther (who was a cc on my email) instead of to me, and even failed to copy me on the email that I originated. Fortunately, Esther did forward the email to me.

It is unfortunate there was a communication breakdown between us, and I am willing to take partial responsibility if there is any additional guidance, or explanation I failed to provide. I believe we all could use more training and guidance on the "ins and outs" of travel, admin, concur – so I will let cadre know of the challenges we had on this deployment, and perhaps training will result.

v/Mary

--------- Forwarded message ---------
From: "Dawson, Mary" <Mary.Dawson@fema.dhs.gov>
To: "Mahone, Racquel" <Racquel.Mahone@fema.dhs.gov>
Cc:
Bcc:
Date: Thu, 5 Jan 2017 13:23:02 +0000
Subject: N. Coleman - 4


**From:** Dawson, Mary
**Sent:** Tuesday, December 27, 2016 9:38 AM
**To:** Little III, Robert <robert.little3@fema.dhs.gov>; Johnson, Robert <robert.l.johnson@fema.dhs.gov>; Holmes, Kerry <Kerry.Holmes@fema.dhs.gov>
**Cc:** Roberts, Bruce <Bruce.Roberts@fema.dhs.gov>; Nguyen, Tam <Tam.Nguyen@fema.dhs.gov>; Haywood, Rita <Rita.Haywood@fema.dhs.gov>
**Subject:** FW: Voucher returned - Nina Coleman


**From:** Herrera, Esther
**Sent:** Tuesday, December 27, 2016 9:36 AM
**To:** Dawson, Mary <Mary.Dawson@fema.dhs.gov>
**Subject:** FW: Voucher returned

SA

**From:** Coleman, Nina
**Sent:** Tuesday, December 27, 2016 9:35 AM
**To:** Herrera, Esther <Esther.Herrera@fema.dhs.gov>
**Subject:** RE: Voucher returned

Esther I have done my vouchers like this before without questions I do not want any issues. I did not travel 3 days I returned car that day. There are not any mi&e's on Friday and Sat. I also do not need an RA for my return travel have never before and do no need now.

I will have to go to legal I feel you all are discriminating and picking on me; no one has has been harassed over there voucher and I have done my voucher the same when I left SC. I will contact Biloxi it has never been an issue. Then contact you back. Thanks

E m a i l s E m p l o y e e L a b o r R e l a t i o n s s e n t t o m e , s t a t i n g t e r m i n a t i o n w a s b a s e d o n t h e s e e m a i l s . M s . D a w s o n s e n t t o M s . M a h o n e , M s . M a h o n e d i d n o t s e n d e m a i l s t o E m p l o y e e L a b o r R e l a t i o n s u n t i l r e c e i v e d c o n c u r r e n c e o n J a n 1 7 , 2 0 1 7 , i f f e l t n o n - c o m p l i a n t e m a i l s s h o u l d h a v e b e e n s e n t t o E L R i m m e d i a t e l y a s s t a t e d i n F E M A r e s e r v i s t M a n u a l . N o t e : M s . D a w s o n n e v e r c o u n s e l e d m e l i k e t h e o t h e r s .

Nina M Coleman
Disaster Survivor Assistance Cadre
DSA Specialist | SMART Mobile Application and Reports Analyst | Coach Evaluator
Business: 347-635-0506

Sent from my iFEMA mobile device.

---

**From:** Herrera, Esther
**Sent:** Tuesday, December 27, 2016 8:37:58 AM
**To:** Coleman, Nina
**Subject:** Voucher returned

Nina,
Sent your voucher back.. errors on it.. If you traveled on Sunday, (3 days of travel) please explain delay

11/23/16 per-diem ok need to add Duty station with RA# (reasonable Accommodation #)in comments.
11/24/16 error on per-diem should be 3/4 = 44.25.
Travel on Sunday ?? per diem for three days????

Respectfully
Esther Herrera
Disaster Survivor Assistance
225-573-6897
Esther.Herrera@fema.dhs.gov

--------- Forwarded message ---------
From: "Dawson, Mary" <Mary.Dawson@fema.dhs.gov>
To: "Mahone, Racquel" <Racquel.Mahone@fema.dhs.gov>
Cc: "Benson, Shannon" <Shannon.Benson@fema.dhs.gov>
Bcc:
Date: Thu, 5 Jan 2017 13:22:18 +0000
Subject: N. Coleman - 3

**From:** Dawson, Mary
**Sent:** Tuesday, December 27, 2016 6:59 AM
**To:** Johnson, Robert <robert.l.johnson@fema.dhs.gov>; Little III, Robert <robert.little3@fema.dhs.gov>; Roberts, Bruce
<Bruce.Roberts@fema.dhs.gov>; Holmes, Kerry <Kerry.Holmes@fema.dhs.gov>
**Cc:** Boyanowski, Nora <Nora.Boyanowski@fema.dhs.gov>; Herrera, Esther <Esther.Herrera@fema.dhs.gov>
**Subject:** Travel - Time N. Coleman

Bob, Bob, Bruce and Kerry
Hate to bother you with this first thing back to work, but I need you to know because the OTJ for last PP will most likely be off, due to
travel home on Saturday for Nina Coleman. It is a long story, and I will be happy to explain it, but the bottom line is – I think she is
entitled to the hours due to a "reasonable accommodation"– although she **CLEARLY** was given guidance that she did not follow prior
to her decision to drive on Saturday.

**11 |** Page Emails Employee Labor Relations sent to me, stating termination
was based on these emails. Ms. Dawson sent to Ms. Mahone, Ms. Mahone
did not send emails to Employee Labor Relations until received
concurrence on Jan 17, 2017, if felt non-compliant emails should have
been sent to ELR immediately as stated in FEMA reservist Manual. Note:
Ms. Dawson never counseled me like the others.

The first email I sent her on Friday, I asked her to take the hours OFF for Saturday – (she traveled on Friday and Saturday via Car). Under 'Regular' circumstances, the traveler is only allowed travel time that it would take portal to portal via airline "preferred mode of travel", not the "actual hours" it takes to drive home.

However, I THEN learned that she has a recent "reasonable accommodation" on file, and that changes the travel allowance rules for time, hotel, etc.

This is the email I plan on sending Nina this morning, and wanted you to have a "heads up" prior to me sending it out. Nora and I have to validate and certify her pay first thing this morning
v/Mary

Nina

Once I learned of your "reasonable accommodation" (RA) I did not instruct you to change your time sheet, to reduce your hours. Having a 'reasonable accommodation" will allow you to be paid for your travel time home. I will certify the hours you enter, and is we miss the "cut off" you will be allowed to submit an amended timesheet.

What I find very unfortunate, is that you did not communicate to me, HR or to travel, that you had a RA; (perhaps because the RA is fairly new and did not know to do so) While the RA does allow for certain accommodations for travel, it does not permit you to travel on days outside of the travel guidance I provided.(days that would require additional OT in a 40 hour work week). Unless there were some additional extenuating circumstances. I will not speculate on why this is the first deployment you have encountered Saturday as a "non-travel" day.

What I will say is that, I clearly provided the travel guidance for this deployment, and everyone was given the same guidance; on when to checkout and travel ( See first email below – yellow)

Also, I do not understand why you chose to "work" on your checkout day, when I clearly stated that your last day  would consist solely of training and checkout, and I had already sent the *final* DSR out on Wednesday evening. You could have been driving home on Thursday. (see yellow – second email)

Additionally, when I wrote directly to the staff asking for checkout dates, you responded to Esther (who was a cc on my email) instead of to me, and even failed to copy me on the email that I originated.  Fortunately, Esther did forward the email to me.

It is unfortunate there was a communication breakdown between us, ███████████████████████████████████████
████████████████████████████████████

v/Mary

**From:** Dawson, Mary
**Sent:** Tuesday, December 13, 2016 7:05:03 AM
**To:** Stillwagon, Redora; Kimler, Kay; Coleman, Nina; Leon, Johnny; McClurkin, Alexandria; Mandel, David; Kiflai, Vivian; Browder, Veronica; Turner, Corinne
**Cc:** Herrera, Esther; Mojica, Paula
**Subject:** FW: Out - processing DSA - updated list

Good morning Mickey, Kay, Nina, Johnny, Alex, David, Vivian, Veronica, Corinne

As we are winding down operations, I would ask that you make travel arrangements as soon as possible for next week.

**12 |** P a g e  Emails Employee Labor Relations sent to me, stating termination was based on these emails. Ms. Dawson sent to Ms. Mahone, Ms. Mahone did not send emails to Employee Labor Relations until received concurrence on Jan 17, 2017, if felt non-compliant emails should have been sent to ELR immediately as stated in FEMA reservist Manual. Note: Ms. Dawson never counseled me like the others.

If you have not already done so, please provide 2 dates - checkout and travel date. There will be very limited out processing staff here at the JFO, so if you would like to out-process on Wednesday the 21st, that will help. (IA is leaving next week as well). You may checkout on the 21st, 22nd or 23rd; keeping in mind that all travel must be completed by Friday, the 23rd.

Example: checkout – Dec 21    travel – Dec 22

**From:** Dawson, Mary
**Sent:** Wednesday, December 21, 2016 7:15:13 AM
**To:** Stillwagon, Redora; Kimler, Kay; Coleman, Nina; McClurkin, Alexandria; Mandel, David; Kiflai, Vivian; Turner, Corinne; Chukayne, James
**Cc:** Herrera, Esther; Mojica, Paula
**Subject:** Out - processing DSA -today / tomorrow

Good morning Mickey, Kay, Nina, Alex, David, Vivian, Corinne and Jim

I have checkout sheets in our DSA office to start the process for you today / tomorrow.

Please make an appointment ahead of time, with Rita Haywood should you need help with concur – as she is very busy.

I have Jim, Vivian and Alex signed up for the 10:00 training "Your teams' emotional culture" – anyone else planning to attend? We are not working in the field, so your work day will consist solely of JFO training and checkout. I know you will be very patient and courteous with the staff – as we have a "skeleton crew" in HR, Travel, and APO, and this is the largest checkout group to date – (nearly all of IA)

**From:** Coleman, Nina
**Sent:** Tuesday, December 13, 2016 9:48 AM
**To:** Dawson, Mary <Mary.Dawson@fema.dhs.gov>; Herrera, Esther <Esther.Herrera@fema.dhs.gov>
**Subject:** RE: Crew demob plans week of 12/18-12/24

Corinne flying, I always drive been driving since 2013 which was the last time I flew to a deployment.

Nina M Coleman
Disaster Survivor Assistance Cadre

DSA Specialist | SMART Mobile Application and Reports Analyst | Coach Evaluator

Business: 347-635-0506

Sent from my iFEMA mobile device.

**From:** Dawson, Mary
**Sent:** Tuesday, December 13, 2016 9:43:26 AM
**To:** Herrera, Esther
**Cc:** Coleman, Nina
**Subject:** RE: Crew demo plans week of 12/18-12/24

Thank you....and mode of transportation? Fly?

**13 |** P a g e  E m a i l s  E m p l o y e e  L a b o r  R e l a t i o n s  s e n t  t o  m e ,  s t a t i n g  t e r m i n a t i o n  w a s  b a s e d  o n  t h e s e  e m a i l s .  M s .  D a w s o n  s e n t  t o  M s .  M a h o n e ,  M s .  M a h o n e  d i d  n o t  s e n d  e m a i l s  t o  E m p l o y e e  L a b o r  R e l a t i o n s  u n t i l  r e c e i v e d  c o n c u r r e n c e  o n  J a n  1 7 ,  2 0 1 7 ,  i f  f e l t  n o n - c o m p l i a n t  e m a i l s  s h o u l d  h a v e  b e e n  s e n t  t o  E L R  i m m e d i a t e l y  a s  s t a t e d  i n  F E M A  r e s e r v i s t  M a n u a l .  N o t e :  M s .  D a w s o n  n e v e r  c o u n s e l e d  m e  l i k e  t h e  o t h e r s .

**From:** Herrera, Esther
**Sent:** Tuesday, December 13, 2016 9:33 AM
**To:** Dawson, Mary <Mary.Dawson@fema.dhs.gov>
**Cc:** Coleman, Nina <Nina.Coleman@fema.dhs.gov>
**Subject:** FW: Crew demo plans week of 12/18-12/24

Nina and Corrine check out day will be the 22nd and travel the 23rd. as per below email.
Esther

**From:** Coleman, Nina
**Sent:** Tuesday, December 13, 2016 6:47 AM
**To:** Herrera, Esther <Esther.Herrera@fema.dhs.gov>
**Subject:** Crew demo plans week of 12/18-12/24

Corinne and myself plan to check out 12/22 and travel 12/23.

Nina M. Coleman, DHS-FEMA
DR-4291-VA
Crew Lead #6


--------- Forwarded message ----------




**From:** Dawson, Mary
**Sent:** Saturday, December 24, 2016 8:03 AM
**To:** Coleman, Nina <Nina.Coleman@fema.dhs.gov>
**Cc:** Boyanowski, Nora <Nora.Boyanowski@fema.dhs.gov>; Haywood, Rita <Rita.Haywood@fema.dhs.gov>; Herrera, Esther <Esther.Herrera@fema.dhs.gov>
**Subject:** RE: TIME

Mary E. Dawson
FEMA
717-712-9790
mary.dawson@fema.dhs.gov

**From:** Coleman, Nina
**Sent:** Wednesday, December 21, 2016 4:05:13 PM

**14 |** P a g e  E m a i l s  E m p l o y e e  L a b o r  R e l a t i o n s  s e n t  t o  m e ,  s t a t i n g  t e r m i n a t i o n
w a s  b a s e d  o n  t h e s e  e m a i l s .  M s .  D a w s o n  s e n t  t o  M s .  M a h o n e ,  M s .  M a h o n e
d i d  n o t  s e n d  e m a i l s  t o  E m p l o y e e  L a b o r  R e l a t i o n s  u n t i l  r e c e i v e d
c o n c u r r e n c e  o n  J a n  1 7 ,  2 0 1 7 ,  i f  f e l t  n o n - c o m p l i a n t  e m a i l s  s h o u l d  h a v e
b e e n  s e n t  t o  E L R  i m m e d i a t e l y  a s  s t a t e d  i n  F E M A  r e s e r v i s t  M a n u a l .  N o t e :
M s .  D a w s o n  n e v e r  c o u n s e l e d  m e  l i k e  t h e  o t h e r s .

**To:** Dawson, Mary
**Subject:** RE: TIME

Yes I entered time before we knew we were leaving. 

Nina M Coleman
Disaster Survivor Assistance Cadre
DSA Specialist | SMART Mobile Application and Reports Analyst | Coach Evaluator
Business: 347-635-0506

**From:** Dawson, Mary
**Sent:** Wednesday, December 21, 2016 4:48:05 PM
**To:** Coleman, Nina
**Subject:** TIME

Mary E. Dawson
FEMA
717-712-9790
mary.dawson@fema.dhs.gov

--------- Forwarded message ---------

Cc:
Bcc:

Subject: RE: N, Coleman - 1
Hi Mary,

You can copy Shannon if you would like. I will share this information with her so that she is aware of what is going on. I have also received your write ups of the other reservist. I appreciate you taking the time to counsel these employees and assisting DSA with building a strong cadre. I will red through these and give you any input I may have. Thank you again!

**Very Respectfully,**

**Racquel "Roxxi" Mahone**
**DSA Reservist Program Manager**
**Cadre Management**
**Disaster Survivor Assistance**
**Recovery Directorate/DHS/FEMA**
**202-212-5900**
"The strength of the team is each individual member. The strength of each member is the team." — Phil Jackson

15 | Page Emails Employee Labor Relations sent to me, stating termination was based on these emails. Ms. Dawson sent to Ms. Mahone, Ms. Mahone did not send emails to Employee Labor Relations until received concurrence on Jan 17, 2017, if felt non-compliant emails should have been sent to ELR immediately as stated in FEMA reservist Manual. Note: Ms. Dawson never counseled me like the others.

DSA Cadre Management contact: FEMA-DSA-RSV@fema.dhs.gov or 202-212-5900
Deployment Tracking System (DTS) Responder: https://www.femaresponder.net/Account/Login
WebTA: https://wta.hs.nfc.usda.gov/webta/servlet/com.threeis.webta.H000welcome
Enterprise Service Desk (ESD): HLPFEMAFEMA-Enterprise-Service-Desk@fema.dhs.gov or 888-457-3362
Salary/Pay disputes: FEMA-HC-FieldOpsSupport@fema.dhs.gov
Reservist Benefits: FEMA-HC-Reservists-Benefits@fema.dhs.gov
Travel Cards: http://on.fema.net/components/ocfo/fmd/Pages/FEMATravelChargeCard.aspx


**From:** Dawson, Mary
**Sent:** Wednesday, January 04, 2017 7:59 AM
**To:** Mahone, Racquel <Racquel.Mahone@fema.dhs.gov>
**Subject:** N, Coleman - 1

Roxxi

This is the first of the email chains. There may be a few "repeats" coming as ███████████████████████████████████. If
any of my responses were not worded appropriately, or clearly, please critique and let me know for future reference – I welcome your
input

Should I copy Shannon on the emails?

Happy New Year to you and yours! J
Mary


**From:** Dawson, Mary
**Sent:** ████████████████████████████████
**To:** Coleman, Nina <Nina.Coleman@fema.dhs.gov>
**Cc:** Herrera, Esther <Esther.Herrera@fema.dhs.gov>; Haywood, Rita <Rita.Haywood@fema.dhs.gov>; Boyanowski, Nora
<Nora.Boyanowski@fema.dhs.gov>
**Subject:** RE: Travel Time

Good morning Nina

████████████████████████████████████████████████████████████████████████████████████████████

Whatever guidance is provided by HR , travel and finance is absolutely the right way to go. I agree, and that is why I conferred with
Nora and Rita. Rita provided the attachment travel policy. I believe there is an exception for " reasonable accommodation".

I did provide guidance on Wednesday or Thursday checkout and travel in Thursday or Friday to everyone , as we generally do not
travel on Saturday if you will accrue OT.

When  I was checking time earlier this week and noticed that you entered hours for Saturday, I emailed you and asked if those hours
were entered prior to knowing we were demobilizing and not working Saturday. You said that was the case, and would change the
hours. Nina, you didn't say anything at that time about driving on Saturday.

**16 |** Page Emails Employee Labor Relations sent to me, stating termination
was based on these emails. Ms. Dawson sent to Ms. Mahone, Ms. Mahone
did not send emails to Employee Labor Relations until received
concurrence on Jan 17, 2017, if felt non-compliant emails should have
been sent to ELR immediately as stated in FEMA reservist Manual. Note:
Ms. Dawson never counseled me like the others.

Nina, I certainly want you to be paid for every hour you deserve, but at the same time, we need to work within the policy. If you learn that the recent guidance is inaccurate, please let me know, as I need to provide accurate and fair information to the field going forward, and would appreciate knowing.

Thank you
Mm art

Mary E. Dawson
FEMA
717-712-9790
mary.dawson@fema.dhs.gov

**From:** Coleman, Nina
**Sent:** Saturday, December 24, 2016 4:45:34 AM
**To:** Dawson, Mary
**Cc:** Herrera, Esther; Haywood, Rita; Boyanowski, Nora
**Subject:** RE: Travel Time

████████████████████████████████████████████████████

I've been with FEMA 9 yrs and I have done my hours the same way, full day of work on check-out day and have applied all drive travel hours in webta and I have driven since 2013 to every deployment without issues; ████████████████████████████
████████████████████████████████████████████████████

I normally try to drive straight but heard in Texas FEMA policy wants you off the road when dark and there's not anyway you are able to drive 21 hours or more in daylight.

████████████████████████████████████████████████████
████████████████████████████████████████████████████

I will speak with Nora later, I have always vouchered the same since driving and it was a travel person that told me when driving get a one way rental for 3 days because you are driving. Of course turn rental as soon as you arrive but you give yourself a day in case something happens, and vouchers have all been paid without question. Therefore this trip should not be any different, when I advised of the hours I had to drive home in DSA office as well validating my time sheet was part of my admin work before getting to JFO because Nora sent out an email to do so and my hours as well as comments were on the time sheet. We could go and look at all previous WebTA's for confirmation. I haven't done anything different. Also when flying you have delays and I have turned in hours over portal to portal if had delays, so if layovers are paid why wouldn't drive time be paid.

Nina M Coleman
Disaster Survivor Assistance Cadre

DSA Specialist | SMART Mobile Application and Reports Analyst | Coach Evaluator

Business: 347-635-0506

**17 |** Page Emails Employee Labor Relations sent to me, stating termination was based on these emails. Ms. Dawson sent to Ms. Mahone, Ms. Mahone did not send e'mails to Employee Labor Relations until received concurrence on Jan 17, 2017, if felt non-compliant emails should have been sent to ELR immediately as stated in FEMA reservist Manual. Note: Ms. Dawson never counseled me like the others.

Sent from my iFEMA mobile device.



Nina – Please review your time and make necessary changes.

·   Checkout day Thursday, December 22 – should not reflect an 8.5 hour day

·   Friday December 23rd – only claim the time it would take you to "fly" portal to portal from Norfolk to Dallas.

·   Saturday December 24th – No hours should be claimed



See attachment – and should you have any questions, feel free to contact Rita Haywood – Travel Manager – 225-281-1829

v/Mary

Mary E. Dawson
FEMA
717-712-9790
mary.dawson@fema.dhs.gov

...

[Message clipped]  View entire message

---

**18 |** P a g e  E m a i l s  E m p l o y e e  L a b o r  R e l a t i o n s  s e n t  t o  m e ,  s t a t i n g  t e r m i n a t i o n  w a s  b a s e d  o n  t h e s e  e m a i l s .  M s .  D a w s o n  s e n t  t o  M s .  M a h o n e ,  M s .  M a h o n e  d i d  n o t  s e n d  e m a i l s  t o  E m p l o y e e  L a b o r  R e l a t i o n s  u n t i l  r e c e i v e d  c o n c u r r e n c e  o n  J a n  1 7 ,  2 0 1 7 ,  i f  f e l t  n o n - c o m p l i a n t  e m a i l s  s h o u l d  h a v e  b e e n  s e n t  t o  E L R  i m m e d i a t e l y  a s  s t a t e d  i n  F E M A  r e s e r v i s t  M a n u a l .  N o t e :  M s .  D a w s o n  n e v e r  c o u n s e l e d  m e  l i k e  t h e  o t h e r s .

JS 44 (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

RECEIVED

DEC 27 2018

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nina M. Coleman

**DEFENDANTS**
Kristlen Nielsen, DHS Secretary, Brock Long, FEMA Admin.
Robyne Jackson, Patricia Silva-Employee Relations Specialist, Faye Green-DSA Branch Chief, Shannon Benson-former DSA Cadre Coordinator, Racquel Mahone-former DSA Cadre Manager, Morgan Kinney-Trial Attorney and Kelly Pellicci, Director Employee Services and Mary Dawson DSA Branch Director

**(b)** County of Residence of First Listed Plaintiff    Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Work locations, Washington, Cty.
*(IN U.S. PLAINTIFF CASES ONLY)*    Cty of residence; unknown
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

8-18CV3408-M

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

None

Attorneys *(If Known)*

Morgan Kinney has been attorney in mediation and for other MSPB cases; however, she has admitted reprisal and that the agency is aware I could not complete travel in 24 hours home, she also lied under oath that Anthony Clark did not tell me my personnel file has me terminated Aug 22, 2017 for not following FEMAs travel policy.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
     Plaintiff

☐ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 2   U.S. Government
     Defendant

☒ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - |    of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Product Liability | ☐ 690 Other |    28 USC 157 |    3729(a)) |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine |    Injury Product | |    New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product |    Liability | | ☐ 840 Trademark |    Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |    Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |    Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |    Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Property Damage |    Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - |    Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| |    Medical Malpractice | |    Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |    Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |    Income Security Act |    or Defendant) | ☒ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |    Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |    Sentence | |    26 USC 7609 |    Agency Decision |
| ☐ 245 Tort Product Liability |    Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | |    State Statutes |
| |    Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |    Other | ☐ 550 Civil Rights |    Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |    Conditions of | | | |
| | |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* Title VII of the Civil Rights Act of 1964,
29 C.F.R. Part 1614, Alternative Dispute Resolution Act of 1998, 28 U.S.C. 651 and EEOC Management Directive-110
Brief description of cause: Reprisal:filed EEO cases on in 2013 & 2016. Agency terminated in reprisal and later said charges were an error but didn't reverse charges stating I did not appeal in time. Managers racially discriminated and retaliated and the agency is upholding their wrongdoings.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $ 200,000, personnel file
corrected, and reappointment

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE    Chief Judge Beryl A. Howell    DOCKET NUMBER    1:18-cv-02268-BAH

DATE    12-14-2018

SIGNATURE OF ATTORNEY OF RECORD
None, currently representing myself

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____