IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NINA MARIE COLEMAN,<br>　　　　Plaintiff,<br>vs.<br><br>FEMA,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br>Civil Action No. 3:18-CV-3408-M-BH<br><br><br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this case has been referred for full case management. Before the Court is the plaintiff's *Motion for Default Judgment*, filed April 8, 2019 (doc. 20). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I.   BACKGROUND

On December 27, 2018, the plaintiff filed this *pro se* employment discrimination action against the defendant and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 5.) She was granted IFP status, and after judicial screening was completed, a summons was issued for the federal defendant on January 15, 2019. (*See* docs. 6-11.) The defendant was served through the United States Attorney on February 7, 2019. (*See* doc. 17.) On April 8, 2019, the defendant moved to dismiss the complaint. (*See* doc. 21.) That same day, the plaintiff moved for default judgment. (*See* doc. 20.)

### II.   ANALYSIS

The plaintiff moves for entry of default judgment pursuant to Fed. R. Civ. P. 55 based on the defendant's alleged failure to timely file an answer to her complaint.

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a).

Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise".  *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, the defendant has defended the case by timely filing a motion to dismiss within 60 days of the date of service on the United States Attorney.  *See Rogers v. Barnhart*, 365 F.Supp.2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) ("the filing of a motion to dismiss is normally considered to constitute an appearance")); Fed. R. Civ. P. 12(a)(2) (a federal agency must serve an answer to a complaint within 60 days of service on the United States Attorney).  Because the defendant timely appeared and defended the case, there is no basis for the Clerk of Court to enter a default under Rule 55(a), even if the plaintiff had requested entry of default.  Without a prior entry of default, a party has no basis to seek a default judgment.  Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276).

Because the defendant has timely defended this action, and no default has been entered, entry of default judgment is not warranted.

### III.  RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SIGNED this 9th day of April, 2019.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE