IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NINA MARIE COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-3408-M-BH |
| | § | |
| FEMA, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court for determination is *Defendant's Motion to Dismiss or, Alternately, Transfer,* filed April 8, 2019 (doc. 21), and *Plaintiff's Request to Transfer Case to DC*, filed July 22, 2019 (doc. 36). Based on the relevant filings, evidence, and applicable law, the motions to transfer venue are **GRANTED**.

## I. BACKGROUND

Nina Coleman (Plaintiff) filed this employment discrimination lawsuit under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.*, against Federal Emergency Management Agency (Defendant). (*See* doc. 3) She resides in Dallas, Texas, which is located in the Dallas Division of the Northern District of Texas. (*Id.* at 1.)[2] Defendant is a federal agency with its headquarters in Washington, D.C., which is within the jurisdictional boundaries of the District Court for the District of Columbia. (doc. 8 at 3.)

Plaintiff was previously employed as a reservist in Defendant's disaster survivor assistance

---

[1]By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management, including determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

program, and her duties involved being deployed to different parts of the country after natural disasters. (doc. 3 at 1, 9-10, 22; doc. 8 at 3.) She alleges that while on deployment in Louisiana on September 12, 2016, she was instructed to demobilize early while other staff members were allowed to remain. (docs. 8 at 4, 8; 10 at 2-3.) On September 22, 2016, she filed an equal employment opportunity (EEO) complaint against Defendant, claiming she had been discriminated on the basis of race (2016 EEO Complaint). (*Id.*) After filing the complaint, Defendant allegedly sent its employees to Plaintiff's hotel room for a wellness check, and she was bullied and harassed. (docs. 8 at 4; 10 at 4-5.) On October 25, 2016, Plaintiff received a reprimand for not following instructions and for making unprofessional comments to a co-worker during the Louisiana deployment. (docs. 3 at 9-11; 8 at 4; 10 at 5.)

In December 2016, Plaintiff was deployed to Virginia and received specific travel instructions. (docs. 8 at 4; 10 at 7-8.) On February 13, 2017, Defendant notified Plaintiff that her reservist appointment was being terminated because she had failed to follow those instructions. (docs. 3 at 22-25; 8 at 4; 10 at 10.) Plaintiff amended the 2016 EEO Complaint, adding claims of discrimination and retaliation for filing EEO complaints in 2013 and 2016. (doc. 8 at 8-9.) In mid to late 2017, Plaintiff attempted to apply for other jobs with Defendant but was told that she was not qualified given her prior termination. (docs. 3 at 1, 4-5; 8 at 3.) On October 22, 2017, Plaintiff filed another EEO complaint claiming Defendant's failure to hire her was another discriminatory act that was based on her race and religion and in retaliation for filing EEO complaints in 2013 and 2016. (doc. 22 at 8-11.)

**A.**  **First-Filed Suit**

On August 17, 2018, Plaintiff filed an employment discrimination action against Defendant

2

and the Department of Homeland Security in this district; she amended her complaint to add five of Defendant's employees as defendants on August 23, 2018 (First-Filed Suit). (doc. 22 at 4, 10; *see* No. 3:18-CV-2174-L-BK.) She alleged that Defendant retaliated against her for filing EEO complaints in 2013 and 2016 and discriminated against her on the basis of race, color, and religion, when it failed to hire her in 2017, terminated her in 2016, provided her unequal terms and conditions of employment, and subjected her to disparate treatment. (*Id.* at 10.) On September 27, 2018, the Court found that venue in the Northern District of Texas was not proper under 28 U.S.C. § 1406(a), and it *sua sponte* transferred the First-Filed Suit to the District of Columbia. (*Id.* at 77-79.)

**B.    Current Suit**

On December 27, 2018, Plaintiff filed this employment discrimination action against Defendant, alleging termination, retaliation, and disparate treatment on the basis of race and religion in violation of Title VII (Current Suit). (docs. 3; 8 at 2.)[3] She claims that she was discriminated against on the basis of her race and religion when Defendant did not extend her deployment in September 2016, falsely reprimanded her in October and December 2016, terminated her in February 2017, and found her "not suitable" for other positions in 2017 and 2018. (doc. 8 at 4.) These adverse employment actions were also allegedly taken in retaliation because she filed EEO complaints against Defendant. (*Id.*) She also claims that in 2017, a white female employed had made derogatory comments to a co-worker and only received a verbal warning, even though Plaintiff had received a reprimand for similar conduct. (doc. 3 at 2.) Plaintiff requests compensatory and punitive damages, and to be "made whole" and returned back to her prior or similar position with

---

[3]On January 13, 2019, Plaintiff filed her verified Answers to Magistrate Judge's Questionnaire (MJQ), in which she provided information regarding her claims. (*See* doc. 8.) Her answers constitute the first amendment to the complaint. *See Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994).

Defendant. (doc. 8 at 17.)

On April, 8, 2019, Defendant moved to dismiss the Current Suit, arguing that it is not the proper defendant, and that the amended complaint is duplicative of an earlier-filed suit. (doc. 21 at 5-7.) It also moved to dismiss for improper venue, and alternatively, to transfer the case to the District of Columbia under 28 U.S.C. § 1404(a), arguing that it is a more convenient forum. (*Id.* at 7-10.) Defendant contends that all decisions regarding Plaintiff's employment were made in Washington, D.C., where her employment records are also located. (*Id.* at 7, 10.) It also contends that none of the individuals that were allegedly responsible for the adverse actions against Plaintiff reside in the Northern District of Texas, and that they mostly work in the Washington, D.C. area. (*Id.*) The correspondence Plaintiff received from Defendant regarding her employment, which are part of her pleadings, was mailed from Defendant's office in Washington, D.C. (*See* docs. 3 at 9-11, 22-25, 34-37, 8 at 8-10.)

On April 29, 2019, Plaintiff filed her response to the motion to dismiss, but did not address the motion to transfer. (doc. 26.) On July 22, 2019, she separately filed a motion to transfer the lawsuit to Washington, D.C., and appears to consent to the transfer to the District of Columbia. (doc. 37.) Both motions are ripe for consideration.

## II. ANALYSIS

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice…to any other district or division where it may have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). As a threshold matter, § 1404(a) requires a determination of whether the proposed transferee district is one in which the suit might have been brought. *In re Horsehoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (per

curiam). Once this threshold has been met, § 1404(a) requires consideration of "the convenience of the parties and witnesses" and "the interests of justice." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (Volkswagen I); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (Volkswagen II). The movant must show that based on these considerations, the transferee venue is "clearly more convenient." *Volkswagen II*, 545 F.3d at 315. Courts have broad discretion under § 1404(a) in deciding whether to order a transfer. *Id.*

A.   **Proposed Transferee District**

Plaintiff sues for employment discrimination under Title VII, which has a special venue provision:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).[4]

Here, Plaintiff could have brought her Title VII claim in the District of Columbia because it is where (1) the unlawful employment decisions are alleged to have been committed, (2) the relevant employment records are maintained and administered, and (3) Defendant has its principal office. *See* 42 U.S.C. § 2000e-5(f)(3). The proposed transferee district is one in which Plaintiff's claims may have been brought.

---

[4]The express reference to § 1404 makes clear that it also applies to Title VII cases. *See In re Horseshoe*, 337 F.3d at 432-33.

**B.     Convenience to Parties and Witnesses**

The next consideration is "the convenience of the parties and witnesses." *Volkswagen I*, 371 F.3d at 203; *Volkswagen II,* 545 F.3d at 315. The Fifth Circuit has adopted the *forum non conveniens* private and public interest factors to determine the convenience of the parties and witnesses. *Volkswagen II*, 545 F.3d at 314-15, n.9 (5th Cir. 2008); *see also Volkswagen I*, 371 F.3d at 203. These factors "are not necessarily exhaustive nor exclusive," however, and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 315.

**1.     Private Interest Factors**

The private interest factors consist of: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Hartzell Propeller, Inc.,* 454 U.S. 235, 241, n.6 (1981)).

*a.     Relative Ease of Access to Sources of Proof*

The first private interest factor, the relative ease of access to sources of proof, weighs in favor of transfer when evidence can be more readily accessed from the transferee district. *Internet Machines LLC v. Alienware Corp.*, No. 6:10-cv-023, 2011 WL 2292961, at *5 (E.D. Tex. June 7, 2011). Although increasing technological advances have lessened the inconvenience of obtaining evidence in a different venue, this does not render the first factor superfluous. *See Volkswagen II*, 545 F.3d at 316; *Moss v. Lockheed Martin Corp.*, No. 3:10-CV-1659-M, 2011 WL 197624, at *3 (N.D. Tex. Jan. 18, 2011). Courts still consider the physical location of the evidence. *Internet Machines LLC,* 2011 WL 2292961, at *5.

Here, both parties agree that the relevant employment and business records are physically located in the District of Columbia. (docs. 21 at 7; 22 at 71.) This factor weighs in favor of transfer.

### b.     *Availability of Compulsory Process*

The second private interest factor, the availability of compulsory process to secure the attendance of witnesses, favors transfer when a transferee district has absolute subpoena power over a greater number of non-party witnesses. *Internet Machines*, 2011 WL 2292961, at *6 (citing *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009)). A district court "may command a person to attend trial" by subpoena "within 100 miles of where the person resides, [or] is employed . . . ." Fed. R. Civ. P. 45 (c)(1)(A).

Here, Defendant has not expressly identified its potential witnesses, but contends that none of the individuals that Plaintiff identified as allegedly participating in the adverse actions against her reside in the Northern District of Texas. (doc. 21 at 7.) Further, Plaintiff acknowledges that the managers at Defendant's headquarters in Washington, D.C. were responsible for the adverse actions against her. (doc. 26 at 18.). Though she identifies nine potential witnesses, including someone in Texas, all nine live in different states. (*Id.*) This factor weighs in favor of transfer. *See Davis v. MAHA Trading Inc.*, No. 3:05-CV-0832-M, 2006 WL 8437474, at * 2 (N.D. Tex. Apr. 10, 2006).

### c.     *Cost of Attendance for Willing Witnesses*

The third private interest factor is the cost of attendance of willing witnesses. *Volkswagen I*, 371 F.3d at 203. "The Court must consider the convenience of both the party and non-party witnesses." *Vargas v. Seamar Divers Int'l, LLC,* No. 2:10-CV-178-TJW, 2011 WL 1980001, at *7 (E.D. Tex. May 20, 2011) (citing *Volkswagen I*, 371 F.3d at 204). This factor is often considered the most important factor to be considered in deciding whether to transfer venue. *Moss*, 2011 WL

197624, at *5 (citing *AT&T Intellectual Prop. I L.P. v. Airbiquity Inc.*, No. 3:08-CV-1637-M, 2009 WL 774350, at *5 (N.D. Tex. Mar. 24, 2009), and *Ternium Int'l U.S.A. Corp. v. Consol. Sys., Inc.*, 3:08-CV-816-G, 2009 WL 464953, at *4 (N.D. Tex. Feb. 24, 2009)).  The convenience of non-party witnesses is accorded the greatest weight, however, while the convenience of employee witnesses of the party seeking transfer is given less weight because the party will be able to compel their testimony at trial.  *Id.*  Because this factor is not addressed by either party, it is neutral.

### d.        Other Practical Problems

The fourth private interest factor is a catch-all consideration that includes all other problems that obstruct easy, expeditious, and inexpensive trials. *See Volkswagen I*, 371 F.3d at 203.  Neither party addressed this factor, however.  Accordingly, this factor is also neutral.

### 2.        Public Interest Factors

In addition to the private interest factors, courts must also consider the *forum non conveniens* public interest factors to see if they favor transfer. *Volkswagen I*, 371 F.3d at 203.  They include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws [or in] the application of foreign law." *Id.*  Both parties do not address the first, third, and fourth public interest factors and appear to concede that they are neutral.

The second public interest factor, the local interest in having localized interests decided at home, favors transfer if "the events giving rise to this action occurred in [the transferee district/division] . . . ." *Volkswagen II*, 545 F.3d at 315.  Defendant argues that this factor weighs in favor of transfer because it is located in the District of Columbia, the allegedly wrongful

employment decisions occurred there, and majority of the individuals mentioned in Plaintiff's complaint work and reside there. (doc. 21 at 7.) Washington, D.C. has a localized interest in this matter because the agency alleged to have caused the harm is located there, all of the alleged events happened there, and the relevant documents and witnesses are almost all located there. *See Volkswagen II*, 545 F. 3d at 317-18. The second public interest factor weighs in favor of transfer. *Berlanga v. Basic Energy Services, LP*, No. 3:17-CV- 0106-L, 2017 WL 4923876 at *4 (N.D. Tex. Oct. 20, 2017); *Moss*, 2011 WL 197624 at *6.

On balance, three factors weigh in favor of transfer, five are neutral, and none favor Plaintiff's chosen forum.

## C.   Interest of Justice

Analysis of the "convenience of parties and witnesses" does not end the transfer of venue inquiry. *Regents of Univ. Of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997). Courts must consider the "interest of justice" as a factor when determining whether a transfer of venue is proper under § 1404(a). *See id.* The "interest of justice" factor has been used by courts as a basis to "avoid multiplicity of litigation as a result of a single transaction or event." *BNSF Railway Co. v. OOCL(USA), Inc.*, 667 F. Supp. 2d 703, 713 (N.D. Tex. 2009) (citing *Seeberger Enters., Inc. v. Mike Thompson Recreational Vehicles, Inc.*, 502 F. Supp. 2d 531, 541 (W.D. Tex. 2007)). "While not conclusive, . . . the fact that a related action is pending in another federal district court, should be considered when determining whether the suit in question should be transferred." *Sundance Leasing Co. v. Bingham*, 503 F. Supp. 139, 140-41 (N.D. Tex. 1980). Though the actions need not be identical or duplicative, it must be determined that "the two actions involve closely related questions or common subject matter, or that the core issues substantially overlap." *The Whistler*

*Grp., Inc. v. PNI Corp.*, No. 3:03-CV-1536-G, 2003 WL 22939214, at *5 n.3 (N.D. Tex. Dec. 5, 2003) (citation omitted).

Here, Plaintiff has filed two separate lawsuits against Defendant for discrimination and retaliation under Title VII. Both lawsuits involve the same parties, reference the same allegedly adverse actions, have overlapping witnesses and evidence, and involve substantially related questions of law and fact. Given the similarities between these cases, the interest of judicial economy strongly favors transfer. *See, e.g., The Whistler Grp.*, 2003 WL 22939214, at *5 ("Because the California and Texas litigations involve overlapping core issues, common subject matter, and closely related questions, this Texas litigation should be transferred to the Northern District of California.").

**D.**     **Plaintiff's Choice of Forum**

A plaintiff's choice of venue is not a separate factor in the transfer of venue analysis. *Volkswagen II*, 545 F.3d at 314 n.10. Rather, it is "to be treated as a burden of proof question," and deference to plaintiff's choice of venue is reflected in the movant's burden to show good cause for the transfer. *See id.* (citation and internal marks omitted). The original forum selected by a plaintiff "should be respected" unless "the transferee venue is clearly more convenient." *Volkswagen II*, 371 F.3d at 314 n. 10, 315. Although Plaintiff originally sought venue in the Northern District of Texas, she now consents to transferring the case to the District of Columbia. (*See* doc. 37.) Accordingly, no weight is accorded to her original choice of venue.

Considering the convenience of the parties and witnesses and the interest of justice, the parties have met their burden of showing that the District of Columbia is "clearly more convenient" than the Northern District of Texas. *Volkswagen I*, 545 F.3d at 315. Transfer of the action to that

division is therefore appropriate.[5]

### III.  CONCLUSION

The motions to transfer venue are **GRANTED**, and this case is hereby **TRANSFERRED** to the United States District Court for the District of Columbia.[6]

**SO ORDERED** on this 25th day of November, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5]Because the motions to transfer venue are being granted, it is unnecessary to consider Defendant's alternative motion to dismiss. (*See* doc. 21 at 1-2.)

[6]*Amended Miscellaneous Order No. 6* provides authority to transfer actions brought by *pro se* litigants to the proper or more appropriate district or division.